In re JOHNIE T. PATTON, INC., dba
Oak Park, a condominium
subdivision, Debtor.

FIRST NATIONAL BANK OF
NEVADA, Plaintiff,

v.

JOHNIE T. PATTON, INC., Defendant.

Bankruptcy No. 80–00859.
Adv. No. 81–0006.

United States Bankruptcy Court,
D. Nevada.

July 8, 1981.

Lionel, Sawyer & Collins by Richard W. Horton, Reno, Nev., for plaintiff.

Chubb & Silverman by Janet L. Chubb, Sparks, Nev., for defendant.

## ORDER GRANTING MOTION FOR REMAND

BERT GOLDWATER, Bankruptcy Judge.

On May 7, 1981, debtor applied under 28 U.S.C. § 1478 to remove *First National Bank of Nevada v. Johnie T. Patton and Jane K. Patton*, pending in the Second Judicial District Court of the State of Nevada, to this Court. First National Bank (FNB) moved to remand upon the grounds (1) this Court is without jurisdiction of the matter, and (2) the movant is not a party to the state court action.[1]

In the state court FNB seeks recovery against Mr. & Mrs. Patton as guarantors of debtor's loan with the bank. Debtor contends this Court has original jurisdiction under 28 U.S.C. § 1471 because the case "relates to" the debtor's Chapter 11 reorganization.[2]

---

1. 28 U.S.C. § 1478(a) provides:

   (a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit to enforce such governmental unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

2. 28 U.S.C. § 1471 provides in part:

■ There is no question that an action against guarantors of a debtor's obligation is "related to" the debtor's case. *In re Brothers Coal Company*, 6 BCD 1066, 6 B.R. 567 (Bkrtcy.W.D.Va.1980) held that a suit brought against a debtor's principal to enforce a guarantee of the debtor corporation's indebtedness was "related to" the debtor's reorganization proceeding. *See also In re Lucasa International, Ltd.*, 6 BCD 1172, 6 B.R. 717 (Bkrtcy.S.D.N.Y.1980), where the Court found that in a trustee's action to collect a debt there was also jurisdiction over the third-party action against the defendant's guarantor. The Bankruptcy Court has jurisdiction.

■ Nevertheless removal may be made only by a defendant in the action or any party. The debtor is not a party in the state action. *See* Bankruptcy Interim Rule 7004; 28 U.S.C. § 1478(a).

■ In addition, although the case is related to the debtor's case, consideration should be given to the separation of entities. There is no showing that the debtor could draw upon Mr. and Mrs. Patton as a source of funds to give life to its plan when one is proposed. It may be that action adverse to the principals of the debtor will impair their ability to participate in the reorganization, but that is not sufficient justification for the exercise of jurisdiction, especially absent an application by the Pattons as parties. *Aboussie Brothers Construction Co. v. United Missouri Bank of Kirkwood*, 3 CBC 684, 8 B.R. 302 (D.C.E.D. Mo.1981).

The motion to remand is granted.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.