In re GREEMAN MOTORS, INC., a New Mexico corporation, Debtor.

MIMBRES VALLEY BANK, a New Mexico banking corporation, Plaintiff,

v.

Gerald B. GREEMAN, Beulah Greeman, Gerald B. Greeman, Jr., and Diane E. Greeman, Defendants.

Bankruptcy No. 81–00933 R L.
Adv. No. 81–0732 M.

United States Bankruptcy Court, D. New Mexico.

Jan. 29, 1982.

Daniel J. Behles, Albuquerque, N. M., co-counsel for plaintiff.

Gary B. Jeffreys, Deming, N. M., co-counsel for plaintiff.

Louis Puccini, Jr., Albuquerque, N. M., for defendants.

MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came on for hearing January 6, 1982, on the plaintiff's Application for Remand, the plaintiff being present by and through its counsel, Daniel J. Behles and Gary Jeffreys, and the defendants being present by and through their counsel, Louis Puccini, Jr.

On or about September 17, 1981, the plaintiff filed a cause styled Mimbres Valley Bank v. Gerald B. Greeman, Beulah Greeman, Gerald B. Greeman, Jr., and Diane E. Greeman, No. CV–81–134, in the District Court of Luna County, New Mexico. The basis for the suit was an effort by the plaintiff to collect on personal guaranties made by the defendants on a promissory note executed by Greeman Motors, Inc., the debtor in a Chapter 11 proceeding filed prior to the Luna County action.

On November 25, 1981, under the removal provisions of 28 U.S.C. § 1478, the debtor corporation filed an Application for Removal of the Luna County cause to bankruptcy court, arguing that said cause was a civil action arising in and related to a case now pending in Chapter 11 proceedings over which the bankruptcy court has jurisdiction via 28 U.S.C. § 1471(b). The defendants further argued that because another cause, styled Greeman Motors, Inc., v. Mimbres Valley Bank, had already been removed to this Court, the Luna County case should not be remanded since judgments in these cases could be offset. On December 2, 1981, this Court held a telephone hearing on the plaintiff's oral objection to the Application for Removal. After hearing argument of counsel and reviewing the file herein, the Court requested plaintiff to file a formal motion for remand and at the hearing scheduled on said motion, the Court would consider whether or not to remand Luna County

cause number CV–81–134. Accordingly, the plaintiff herein filed the Application for Remand which is the basis for this Memorandum Opinion.

The plaintiff argues that remand should be ordered because this Court has no subject matter jurisdiction over the above-styled cause, and that the cause was improvidently and improperly removed from the Luna County District Court.

Specifically, the plaintiff asserts that the Luna County action has no relation whatsoever to the debtor Greeman Motors, Inc.'s Chapter 11 bankruptcy proceeding since the Luna County action names only the individual Greemans and not the corporate debtor. Further, plaintiff alleges that the corporate assets of the debtor will not be affected in any way if the individual Greemans are found liable on their personal guaranties.

█ A party may remove any claim or cause of action in a civil action to the bankruptcy court for the district where such civil action is pending, if the bankruptcy court has jurisdiction over such claim or cause of action. 28 U.S.C. § 1478(a). The court to which such cause of action is removed may remand such cause on any equitable ground. 28 U.S.C. § 1478(b). There appear to be two general grounds for remand of a case removed to bankruptcy court: no jurisdiction over the removed case and an equitable ground for remand, either of which is sufficient for an order of remand. Procedurally, parties desiring removal of cases to bankruptcy court must follow the dictates of the local Rules of Bankruptcy Procedure adopted by the United States Bankruptcy Court for the District of New Mexico. The local rule relating to removal procedure tracks Interim Bankruptcy Rule 7004 except that the time period allowed for removal under the local rules is extended to 120 days. Defendants' Application for Removal was properly filed within said time.

The bankruptcy court has subject matter jurisdiction to hear civil proceedings arising under Title 11 of the United States Code or cases arising in or related to cases under Title 11 of the United States Code. 28 U.S.C. § 1471(b).

The question before this Court then, is whether either of the two grounds for remand exist, that is, whether this Court has no jurisdiction over the Luna County action or whether there exists some equitable ground for remanding the Luna County action.

In a case factually similar to the case at bar, the Bankruptcy Court in the Western District of Virginia did not order remand. *Westinghouse Credit Corp. v. Yeary (In re Brothers Coal Co., Inc.)*, 6 B.R. 567, 6 B.C.D. 1066 (W.D.Virginia 1980). In that case, the debtor corporation defaulted on a promissory note it executed in favor of Westinghouse Credit Corporation. The major shareholder personally guarantied payment on the note in the event of default by the primary obligor and was sued in state court on his guaranty. The court in *Westinghouse* noted two important factors present in the case:

(1) enforcement of the creditor's claim against the guarantor related to the debtor's rights under the loan agreement at issue; and,

(2) the remedies available to the creditor were the same whether he proceeded in state or bankruptcy court.

Based on these two factors, the bankruptcy court found that the state court action "related to" the debtor's petition in bankruptcy, and the court therefore had jurisdiction over the removed action.

█ Another important consideration underlying the question of whether bankruptcy court jurisdiction should be exercised is that of judicial economy. *Hurt v. Cypress Bank (In re Hurt)*, 9 B.R. 749 (N.D.Georgia 1981).

▪█ For the reasons set out below, it appears to this Court that remand is not proper in this case.

First, another state court proceeding, styled *Greeman Motors, Inc., v. Mimbres Valley Bank*, has previously been removed to bankruptcy court. If the Luna County action at issue herein is remanded, a great

deal of extra judicial time is likely to be expended as each case involves similar issues.

Second, in his answer in the state court action, the defendant controverts all allegations made by plaintiff that only the individual Greemans and not the corporate debtor will be held liable on the promissory note at issue herein. It appears to the Court that some question of liability in relation to the debtor's assets may arise in the state court action.

Third, it is possible that a claim for indemnification by the individual Greemans against the debtor's estate may arise as a result of the Luna County action, and lastly, there is a pending motion for consolidation of the removed cases.

For these reasons, this Court denies plaintiff's Application for Remand.

An appropriate order shall enter.