In re **WESCO PRODUCTS COMPANY,** an Illinois Corporation, Debtor.

**CINCINNATI MILACRON MARKETING COMPANY, a foreign corporation authorized to do business in the State of Illinois, Plaintiff,**

v.

Bette **RAMIREZ,** Corporate Secretary of Wesco Products Company, an Illinois Corporation, Defendant.

**Bankruptcy No. 80 B 13232.
Adv. No. 82 A 0539.**

United States Bankruptcy Court, N. D. Illinois, E. D.

May 4, 1982.

\*   \*   \*   \*   \*   \*

Jon R. Flynn, Landon & Wojteczko, Ltd., Chicago, Ill., for plaintiff.

Ariel Weissberg, Schwartz, Cooper, Kolb & Gaynor, Chtrd., Chicago, Ill., for Wesco Products Co.

## ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on the motion of Cincinnati Milacron Marketing Company (Milacron) to remand the above-captioned case, *Milacron v. Ramirez*, 81 L 25854, back to the Circuit Court of Cook County, Illinois. Said case was removed to this court by Wesco Products Company (Wesco), debtor herein. The court, having reviewed the relevant case and statutory law and being fully advised in the premises, does hereby deny Milacron's motion to remand.

Ramirez, defendant in the circuit court action, is the corporate secretary of Wesco. Wesco is a large corporation which had over six million dollars of liabilities and over four million dollars of assets at the time it filed its petition for relief under Chapter 11 of the Bankruptcy Reform Act of 1978.

Milacron is a creditor of Wesco and has filed a proof of claim in this court. Milacron's claim arose when it received four checks from Wesco in the month preceding the filing of Wesco's bankruptcy petition which were dishonored because Wesco had insufficient funds in its checking account. Ramirez, Wesco's secretary, signed the checks that were sent to Milacron and subsequently dishonored by Wesco's bank.

Milacron contends that removal was improper because *Wesco* not Ramirez filed the application for removal. Milacron correctly cites 28 U.S.C. § 1478(a) which provides that "A party" may remove an action. Since Wesco was not a party in the civil court action, Milacron contends that removal was improvident and that remand is proper. Milacron cites *In re Johnie T. Patton, Inc.*, 12 B.R. 470 (Bkrtcy.D.Nev.1981), in support of its contention and though *Patton* does support Milacron's position, this court cannot agree with the Nevada bankruptcy court. In *Patton* the creditor sued the president of the debtor corporation in state court on the president's guarantees of corporate loans. The debtor sought to remove the state court action but the court remanded the action since the debtor was not a party to the state court action. This court cannot agree with either the reasoning or the conclusion of the *Patton* court.

■ The removal provisions for the bankruptcy courts are a complement to the expansive jurisdiction of bankruptcy courts. *In re Circle Litho, Inc.*, 4 C.B.C.2d 1204, 8 B.C.D. 64, 12 B.R. 752 (Bkrtcy.D.Conn.1981). If an action against a non-debtor will affect the debtor's schedules of assets or liabilities filed in the bankruptcy court, the action involving the non-debtor is "related to" the bankruptcy case, and this court has original jurisdiction over the action involving the non-debtor. 28 U.S.C. § 1471(b). *See also, In re U. S. Air Duct Corp.*, 8 B.R. 848, 7 B.C.D. 242 (Bkrtcy.N.D.N.Y.1981). Milacron's Circuit Court action against Ramirez clearly "relates to" Wesco's Chapter 11 proceeding, thus the case is within the court's jurisdiction. In the Circuit Court action, Milacron seeks as actual damages a sum of

money equal to the total of the dishonored Wesco checks. Milacron also seeks punitive damages. Milacron's Circuit Court action attempts to avoid this court's jurisdiction and established mechanisms for debtor relief by trying to collect a corporate debt from a solvent corporate officer. Milacron's cause of action against Ramirez may be meritorious, but Milacron has advanced no reasons why this court cannot competently handle the suit.

Finally, on April 28, 1982 this court granted leave for Ramirez to file an amended verified application for removal in her own name. Milacron contended that it was too late for Ramirez to file her application for removal. Milacron cited cases holding that the 30 day time limit for removal of actions mandatory limit and not subject to enlargement in the court's discretion. (Interim Rule 7004). This court, however, believes that the 30 day limit set forth in Interim Rule 7004 is subject to enlargement in the court's discretion. Rules of Bankruptcy Procedure, R. 906(b); *In re Circle Litho, Inc., supra; In re Gary and Christina Mercer,* 7 B.C.D. 1381, 14 B.R. 1002 (Bkrtcy. S.D.Ohio 1981).

Milacron's motion to remand will be denied because the suit against Ramirez "relates to" Wesco's Chapter 11 proceeding and thus is within this court's original jurisdiction. Though the Circuit Court action was originally removed by a non-party, Wesco, that mere technical defect does not mandate remand when the removing entity, though not a party, is a real party in interest in the removed action. See *In re Brothers Coal Company,* 6 B.C.D. 1066, 6 B.R. 567, 3 C.B. C.2d 31 (Bkrtcy.W.D.Va.1980); *In re Elio L. Bellucci,* 7 B.C.D. 519, 4 C.B.C.2d 33, 9 B.R. 887 (Bkrtcy.D.Mass.1981). Finally, the Circuit Court has no special expertise or experience in handling the instant type of case. This court can rule on the merits of Milacron's suit much sooner than the Circuit Court can and keeping the case in the bankruptcy court will not prejudice Milacron's rights in any way. Thus, it is in the interest of judicial economy, convenience to the parties and fairness to keep the instant case in this court.

WHEREFORE, IT IS HEREBY ORDERED that the motion of Cincinnati Milacron Marketing Company to remand the instant case be and hereby is denied.