In re LUMARA FOODS OF AMERICA, INC., Debtor.

NET REALTY HOLDING TRUST, Plaintiff,

v.

ORANGE–CO, INC., Defendant.

ORANGE–CO, INC., Third-Party Plaintiff,

v.

ARTHUR TREACHER'S FISH & CHIPS, INC., Robert Moosally, Louis Dinardo, Lumara Foods, Inc., Patricia Moosally, Willa Mae Dinardo, Lumara Foods of Kentucky, Inc., JBC Investments Co., Inc., Bishara-Moosally Company, RMA Corporation, Champion Manor Corp., Glenwood Management, Inc., Saint Francis Savings & Loan Association, Jerry Olsen, Larry Freyburger and Vern Barkuloo, Third-Party Defendants.

Bankruptcy No. B–82–00946–Y.
Adv. No. 182–0491–21.

United States Bankruptcy Court, E.D. New York.

Jan. 20, 1983.

---

Baron & Gleich, Great Neck, N.Y., for plaintiff; Stephan B. Gleich, Great Neck, N.Y., of counsel.

Seward & Kissell, New York City, for defendant and third-party plaintiff Orange-co, Inc.; Barbara Sheehan, New York City, of counsel.

## MEMORANDUM and ORDER

CECELIA H. GOETZ, Bankruptcy Judge:

In this case, a variety of motions are pending before this Court, all relating to the proper forum for a trial of the claims which Net Realty Holding Trust ("Net Realty") has against Orange-co, Inc. ("Orange-co"), and the claims which Orange-co, in turn, is pressing against a large number of third parties.

No elaborate recital of the proceedings to date is necessary, nor will such recital be attempted. The relevant facts are few.

Net Realty sued Orange-co in the Supreme Court of the State of New York, County of Queens, in September, 1982. On October 4, 1982, Orange-co removed this action to this Court, the United States Bankruptcy Court for the Eastern District of New York, on the ground that this Court had jurisdiction pursuant to 28 U.S.C. § 1471. 28 U.S.C. § 1471 was added to the law by § 241(a) of the Bankruptcy Reform Act of 1978, Pub.L. 95–595. Subsection (b) of § 1471 gives the Federal District Courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." Subparagraph (c) of § 1471 authorizes the bankruptcy courts to exercise the jurisdiction conferred by § 1471(b) on the District Courts.

The position of Orange-co was that the action of Net Realty was "related to" a case under Title 11 because the obligations for which Net Realty was suing arose out of guarantees of rental payments under leases now held by a concern, Lumara Foods of America, Inc. ("Lumara"), which had filed a petition for relief under Chapter 11 of Title 11 on July 12, 1982 in the Bankruptcy Court for the Northern District of Ohio, Eastern Division. Orange-co's removal motion was phrased in the alternative, and requested that if the bankruptcy court should determine that it lacked jurisdiction over this action, that the matter be removed to the United States District Court for the Eastern District of New York on the ground of diversity of citizenship.

Since Orange-co has removed the proceeding to this Court, it has filed motions for change of venue, from which it appears that the removal to this Court was simply the first step in a two-part procedure designed to centralize all proceedings in the Bankruptcy Court for the Northern District of Ohio, where the Lumara Chapter 11 proceeding is now pending.

On June 28, 1982, the Supreme Court of the United States held "that the broad grant of jurisdiction to the bankruptcy courts contained in § 241(a) is unconstitutional." *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* —— U.S. ——, ——, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982). This was because jurisdiction of the breadth conferred by § 1471 on the bankruptcy courts could only be vested in a court constituted in accordance with Article III of the Constitution. The plurality noted

that the Bankruptcy Reform Act "initially vests this jurisdiction in district courts," but went on to observe that "the ultimate repository of the Act's broad jurisdictional grant is the bankruptcy courts." 102 S.Ct. at 2862 n. 3.

However, the Supreme Court stayed making its decision fully effective to "afford Congress an opportunity to reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without impairing the interim administration of the bankruptcy laws." 102 S.Ct. at 2880. This stay, which was extended past its original expiration date of October 4, 1982, expired on December 24, 1982.

The present proceeding falls squarely within the area which the Supreme Court held cannot constitutionally be entrusted to this Court. This appears most clearly from the Opinion of Mr. Justice Burger, in which he synthesized the holding of the six-man majority as follows:

"[T]hat a 'traditional' state common-law action, not made subject to a federal rule of decision, and related only peripherally to an adjudication of bankruptcy under federal law, must, absent the consent of the litigants, be heard by an 'Article III court' * * *." 102 S.Ct. at 2882.

■ That language covers this case precisely. Present here is a contractual cause of action predicated on a guarantee which has been triggered by the failure of the primary obligor to pay certain rentals when due.

Thus, it is clear that the bankruptcy court has no jurisdiction over this proceeding brought by Net Realty against Orange-co, and, therefore, must remand the matter to the court from which it came.

It is true that the United States District Court for the Eastern District of New York, like other District Courts throughout the country, has attempted to deal with "the unanticipated unconstitutionality of the grant of power to bankruptcy judges in section 241(a) of Public Law 95–598" by enacting an "Emergency Resolution" intended to "supplement existing law and rules in respect to the authority of the bankruptcy judges of this district to act in bankruptcy cases and proceedings until Congress enacts appropriate remedial legislation." *In re Jurisdiction of Bankruptcy Courts,* Order of Chief Judge Jack B. Weinstein, dated December 21, 1982 (E.D.N.Y.). The premise on which orders of these character rest, as pointed out in an Opinion by District Judge Robert E. DeMascio, is that it was "the Congressional intention that at the very least federal district courts would retain jurisdiction of matters arising under Title 11 or arising in or related to cases under Title 11 until April 1, 1984." *In re Northland Point Partners,* 26 B.R. 860 at 2 (Bkrtcy.E.D.Mich.1983). On the assumption that the District Courts continue to exercise the jurisdiction which the Supreme Court found to have been unconstitutionally vested in the bankruptcy courts, the District Courts are assuming the jurisdiction described in 28 U.S.C. § 1471(a) and (b), but are delegating some of their duties to the bankruptcy judges.

■ However, when the present proceeding was removed from the state court, it was not removed to the District Court for the Eastern District of New York, but to the bankruptcy court. Thus, this Court is not sitting on this matter pursuant to a delegation to it under the Emergency Resolution of whatever jurisdiction the District Court may have, but is sitting as the result of the removal of a proceeding directly to this Court. Accordingly, the Emergency Resolution appears to be inapplicable.

The Court is aware that the application for removal to the United States Bankruptcy Court for the Eastern District of New York was in the alternative, and requested removal to the District Court in the event that the bankruptcy court was found lacking in jurisdiction after October 4, 1982. The ground for removal to the District Court was diversity jurisdiction. In the opinion of this Court, however, its own lack of jurisdiction drains it of authority to take any steps, other than to remand this proceeding to the court from which it came, the Supreme Court of the State of New York, County of Queens.

SO ORDERED.