### In re BRENTANO'S, INC., Brentano's Texas, Inc., Brentano's Missouri, Inc., Debtors.

**Bankruptcy No. 82 B 10955.**

United States Bankruptcy Court,
S.D. New York.

Jan. 31, 1983.

Cleary, Gottlieb, Steen & Hamilton, New York City, for MacMillan, Inc.

Levin & Weintraub & Crames, New York City, for debtors.

Frankfurt, Garbus, Klein & Selz, New York City, for Pine Realty, Inc.

JOHN J. GALGAY, Bankruptcy Judge.

MacMillan Inc. moved to stay Pine Realty, Inc., a California corporation, from proceeding in California state court, or any other forum other than this bankruptcy court, against MacMillan, upon or in connection with a lease entered into by Brentano's, Inc., the chapter 11 debtor in this Court, with Pine Realty. MacMillan is a guarantor for the lease. A hearing was held on November 23, 1982, at which time this Court orally granted the relief sought by MacMillan, requested briefs and urged parties to explore settlement. Parties involved undertook settlement discussions regarding the claim. The Court was notified that the parties were unable to resolve the matter. The Court issues this memorandum to substantiate and memorialize the oral order previously granted.[1]

1. Thus, the Court is not confronted with the jurisdictional issue posed by the expiration on December 24, 1982, of the stay of the Supreme Court's decision in *Northern Pipeline Construc-* *tion Co. v. Marathon Pipe Line Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). The effect of the stay of *Northern Pipeline* left this Court with the full grant of jurisdiction

*Background*

In December 1977, Brentano's entered into a lease with Pine Realty for premises located in Westwood, California for the period September 1, 1978 through August 31, 1983. In connection with this lease, Mac-Millan executed a guaranty agreement. Pine Realty asserts that the guaranty was accepted in lieu of a security deposit and that it guaranteed full performance of the lease. On May 21, 1982, Brentano's filed a petition under chapter 11 of the Bankruptcy Reform Act of 1978 ("Code"). Pine Realty has filed a claim for pre-petition rent due and an administrative claim for post-petition arrears. In July 1982, Pine Realty commenced a suit in California Superior Court against MacMillan based upon the guaranty.

Brentano's is obligated to indemnify Mac-Millan for liability incurred by MacMillan on the guaranty. MacMillan has executed similar guaranty agreements in connection with 11 Brentano's leases. Brentano's is also liable for indemnification of MacMillan on those guaranty agreements. Brentano's contingent liability on these indemnification obligations approaches $8 million (including trade debt, MacMillan's potential claims exceed $8 million). MacMillan is the largest unsecured creditor; the disposition of its claim is one of the most important aspects (if not the most important) of the debtor's efforts to reorganize.

*Issue*

The issue before this Court is whether the California suit is "related to" the Chapter 11 proceeding before this Court, thus conferring jurisdiction upon the Bankruptcy Court pursuant to section 1471 of title 28 of the United States Code. If such jurisdiction exists, the Court must determine whether an order staying the California suit is "necessary and appropriate to carry out the provisions of [title 11]." 11 U.S.C. § 105(a).

*Jurisdiction*

Section 1471, 28 U.S.C. § 1471, in pertinent part, states:

conferred by section 1471, title 28 of the United States Code. *See, e.g., In re Cherry Pond Coal Co.,* 21 B.R. 592 (D.C.S.D.W.Va.1982); *In re*

(b) ... The district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The Bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

In order to determine whether a proceeding is "related to" a reorganization case, "[t]he fundamental question ... is whether the determination of the claims against the Non-Debtor will or will not effect the Debtor's assets and/or liabilities as they existed at the date of the petition and its bankruptcy schedules. The criteria to be adopted in such a situation will undoubtedly be related to a determination of whether the outcome of the proceeding could conceivably have *any effect upon the estate* being administered in bankruptcy. 1 *Collier on Bankruptcy* [¶ 3.01] at 3–49 [ (15th ed. 1979) ]."

*In re U.S. Air Duct Corp.,* 8 B.R. 848, 851 (Bkrtcy.N.D.N.Y.1981).

It has been held that the bankruptcy court has jurisdiction over a non-debtor third party guarantor of a debt. *In re Lucasa International, Ltd.,* 6 B.R. 717 (Bkrtcy.S.D.N.Y.1980). In *Lucasa* the trustee of the debtor commenced an adversary proceeding to recover a preference from a creditor. The creditor commenced a third party action against an alleged guarantor. On a motion to dismiss the third party complaint, the Court held that it had jurisdiction over the third party guarantor. The Court found that the third party action was sufficiently related to the debtor's bankruptcy proceeding. The Court reasoned that since the trustee's preference action was a civil proceeding clearly arising under the bankruptcy case, "[i]t follows, therefore, that the defendant's third party suit

*O.P.M. Leasing Services, Inc.,* 21 B.R. 986 (Bkrtcy.S.D.N.Y.1982).

against ... [its guarantor] ..., is also a civil proceedings arising in and related to the Lucasa bankruptcy. Manifestly, therefore, this court has jurisdiction for all of this within the pervasive jurisdiction given bankruptcy courts by new 28 U.S.C. § 1471(b) read with subsection (c)." *Id.* at 719.

Further support for the pervasiveness of the bankruptcy court's jurisdiction may be found in *In re Brothers Coal Company, Inc.,* 6 B.R. 567 (Bkrtcy.W.D.Va.1980). In the *Brothers Coal* case the bankruptcy court held that it had jurisdiction over an action by a creditor against a non-debtor guarantor of the debtor's obligation. *See also In re Hartley,* 16 B.R. 777 (Bkrtcy.N.D.Ohio 1982); *In re Maine Marine Corporation,* 20 B.R. 426 (Bkrtcy.D.Me.1982); *see generally In re Wesco Products Co.,* 19 B.R. 908 (Bkrtcy.N.D.Ill.1982).

■ The California state court action is clearly a "related to" the Brentano's reorganization case before this Court and falls within this Court's jurisdictional grant. Underlying the entire matter is Brentano's lease (which Brentano's has rejected). If Pine Realty prevails against MacMillan, MacMillan can recover from Brentano's under its indemnification agreement. The disposition of this claim and other similar claims involving Brentano's leases, MacMillan guaranties, and the Brentano's-MacMillan indemnification agreement will ultimately determine the fate of this reorganization effort. This Court has jurisdiction over the Pine Realty action against MacMillan which is based on the MacMillan guaranty agreement.

*Stay*

■ Code section 105 authorizes this Court to "issue any order ... that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The order staying Pine Realty is clearly

necessary and appropriate in the Brentano's bankruptcy case. As noted above, the claims of MacMillan arising from the guaranty and indemnification agreements amount to the largest unsecured debt in the Brentano's case. Only this Court has a global view of the Brentano's case and reorganization efforts. Disposition of the largest unsecured claims in this forum will facilitate Brentano's efforts to formulate a plan of reorganization. Indeed, in this Court, settlements have been reached with lessors on three Brentano's leases involving MacMillan guaranty agreements. Multiple and haphazard state court litigations will delay and deter ultimate resolution of the bankruptcy case.[2] This comment is not a criticism of state court proceedings; however, each forum has a restricted view of the factors and parties involved. This Court has an overall view of the Brentano's case and all aspects of that case should be before this Court, particularly actions that may determine whether reorganization efforts succeed.

*Conclusion*

Based on the analysis above, this Court affirms its previous order issued prior to December 24, 1982, to stay Pine Realty from proceeding in California state court or any other forum other than this bankruptcy court, against MacMillan, upon or in connection with the lease between Brentano's and Pine Realty or the MacMillan guaranty. This memorandum memorializes the previous order of this Court. This memorialization was made necessary after parties' attempts to settle the matter failed. Although the order was issued in November, parties' time to file an appeal will run from the signing and filing of this memorandum.

---

**2.** In one state court action brought by a lessor against MacMillan on the guaranty agreement, the court awarded partial judgments every few months for the amount of rent that had become due. The lease term was for several years. The granting of partial judgments would have

possibly continued for the entire term, with MacMillan increasing its claim against Brentano's every few months. Fortunately, that was one of the lease actions which were settled in this Court.