**In re SEVEN WATER HOLES CORPORATION, INC., Debtor.**

**J.W. MOORE and Sherman S. Shaw d/b/a Red Barn Chemical Company, Plaintiffs,**

v.

**John KOVAC, Jr. and Seven Water Holes Corporation, Inc., Defendants.**

**Bankruptcy No. 582–01115–M.
Adv. No. 582–0198.**

United States Bankruptcy Court,
W.D. Louisiana,
Monroe Division.

March 23, 1983.

Johnny E. Dollar, McLeod, Verlander & Dollar, Monroe, La., for defendants.

George M. Snellings III, Snellings & Barnes, Monroe, La., for plaintiffs.

Findings of Fact

LeROY SMALLENBERGER, Bankruptcy Judge.

The facts are not in dispute for the parties herein have stipulated thereto leaving only a question of law to be decided.

J.W. Moore and Sherman S. Shaw d/b/a Red Barn Chemical Company filed suit in the Fourth Judicial District Court, Morehouse Parish, Louisiana against John Kovac, Jr. and the debtor, Seven Water Holes Corporation, Inc. As the debtor had filed its petition for Chapter 11 relief in bankruptcy, the suit in state court was stayed. The basis of that state court suit is that the plaintiffs seek to recover the purchase price of goods sold to Kovac and the debtor. Kovac's defense is that he is not personally liable for the purchase price as he was only the agent of the debtor.

Pursuant to Interim Bankruptcy Rule 7004, the debtor filed a timely application for removal of the case to this bankruptcy court.

Thereafter, the plaintiffs filed an application with this court to dismiss the debtor's application with a motion to remand the case to the state court. The issue is whether or not this bankruptcy court should accept jurisdiction of the case now pending in the Fourth Judicial District Court, State of Louisiana?

Conclusions of Law

The basis for remand is found at 28 U.S.C.A. § 1478(b) which states:

"The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."

As noted before, the parties stipulated to the facts and certain other aspects of the case; one of which is that the liability of the debtor to the plaintiffs is admitted. The stipulation sets it out clearly:

"IT IS STIPULATED that the debt sued on by Plaintiff is due and owing by SEVEN WATER HOLES CORPORATION;

that judgment can not be rendered against SEVEN WATER HOLES CORPORATION because of the pendency of the bankruptcy proceedings; that Plaintiff's claim against SEVEN WATER HOLES CORPORATION should be referred to the bankruptcy proceedings for further relief according to Title 11 USC".

The above stipulation leaves only one issue before the state court. That issue is the liability of Mr. Kovac and that will be determined on whether Mr. Kovac was the agent of the debtor. This is an issue of state law. The state court is better equipped to decide the issue.

As the liability of the debtor is admitted there is no danger of conflicting judgments being issued by the state court and the bankruptcy court. The issue of Kovac's liability and his agency must be litigated either in this court or the state court. The danger of duplication of work and the burden of added expense is little. The issue of Seven Water Holes Corporation's liability is not before either court.

Mr. Kovac is not in bankruptcy. To allow removal of the entire action to this court would operate as a stay of the suit against him. That would be an inequitable result. The automatic stay does not operate in favor of Mr. Kovac. Therefore, plaintiffs have a right to sue Mr. Kovac in state court.

It is most equitable for this court to grant the plaintiff's application and dismiss the application of defendants to remove the case to this court as it affects Mr. Kovac. The case as it applies to Mr. Kovac is remanded to the Fourth Judicial District Court, Morehouse Parish, Louisiana.