733 F.2d 208
 10 Collier Bankr.Cas.2d 968, Bankr. L. Rep. P 69,846
In re PINE ASSOCIATES, INC., Debtor.
PINE ASSOCIATES, INC., Plaintiff-Appellant,
v.
The AETNA CASUALTY & SURETY COMPANY and Gordon, Muir &
Foley, Defendants-Appellees.
 No. 950, Docket 83-5063.
 United States Court of Appeals,
Second Circuit.
 Argued March 14, 1984.
Decided April 10, 1984.
 
 Raymond A. Garcia, New Haven, Conn., for plaintiff-appellant.
 John B. Nolan, Hartford, Conn. (Dean M. Cordiano, Patricia A. Carpenter, Day, Berry & Howard, Hartford, Conn., of counsel), for defendant-appellee The Aetna Cas. & Sur. Co.
 Ira H. Goldman, Hartford, Conn. (Douglas S. Lavine, Shipman & Goodwin, Hartford, Conn., of counsel), for defendant-appellee Gordon, Muir & Foley.
 Before FRIENDLY, TIMBERS and MESKILL, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal from an order of the United States District Court for the District of Connecticut, 36 B.R. 878, Cabranes, J., denying plaintiff-appellant Pine Associates, Inc.'s (Pine) motion to revoke the reference of the case to the United States Bankruptcy Court for the District of Connecticut and remanding the case to the bankruptcy court with instructions to dismiss for lack of jurisdiction. We hold that the district court had jurisdiction over this proceeding. We therefore reverse and remand the case to the district court for further proceedings.
 
 BACKGROUND
 
 2
 Pine is a general construction contractor. Defendant-appellee The Aetna Casualty & Surety Co. (Aetna) issued payment and performance bonds for Pine. Aetna and Pine entered into a number of security, indemnity and guarantee agreements intended to secure repayment of any funds that Aetna might expend on Pine's behalf pursuant to the bonds.
 
 
 3
 Pine encountered serious financial difficulty and was unable to meet its obligations to its subcontractors and suppliers. As a result, many claims were lodged against Pine and Aetna. Defendant-appellee Gordon, Muir & Foley (GMF) was engaged by Aetna to represent the interests of Pine and Aetna in connection with these claims.
 
 
 4
 Pine commenced a case under Chapter 11 of the bankruptcy code on May 12, 1982. On November 1, 1982 Pine brought an adversary proceeding against Aetna and GMF in the bankruptcy court, alleging that it was damaged by Aetna and GMF in the claims resolution process. Pine's complaint asserted five counts, all of which sounded in state contract or tort law. Pine demanded a jury trial in its complaint.
 
 
 5
 Aetna and GMF filed motions in the bankruptcy court to abstain or to dismiss the complaint for lack of subject matter jurisdiction. A hearing on the motions scheduled for December 14, 1982 was continued in light of the uncertainty created by the Supreme Court's decision in Northern Pipeline Construction Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); the stay of the decision in Marathon ended on December 24, 1982.
 
 
 6
 On December 22, 1982 the United States District Judges for the District of Connecticut adopted the "Emergency Resolution for Administration of Bankruptcy System." The Resolution was needed to deal with the problem created by Marathon. Section (h) of the Resolution provided that "[a]ny bankruptcy matters pending before a Bankruptcy Judge on December 25, 1982 shall be deemed referred to that Judge." However, section (d)(1)(D) of the Resolution stated that bankruptcy judges were prohibited from conducting jury trials. Consequently, Pine filed a motion in the bankruptcy court to transfer the case to the district court. The bankruptcy court suggested that Pine file a motion in the district court to revoke the reference of the case to the bankruptcy court[1] in order to expedite the matter. Pine filed its motion in the district court, claiming that the court had jurisdiction under 28 U.S.C. Sec. 1471(a) and (b) (1982). Appellees thereupon asserted their motion to abstain or dismiss before the district court.
 
 
 7
 On September 28, 1983 Judge Cabranes denied Pine's motion to revoke the reference and remanded the case to the bankruptcy court with instructions to dismiss for lack of jurisdiction. Judge Cabranes held that Marathon invalidated the jurisdictional grant to the district courts in section 1471(a) and (b) where the action is based solely upon state law and a party objects to the exercise of jurisdiction. This appeal followed.
 
 DISCUSSION
 
 8
 The question raised in this appeal is whether the district court has jurisdiction over Pine's state law claims in light of Marathon.[2] There is no doubt that Marathon invalidated 28 U.S.C. Sec. 1471(c) (1982), which vested the bankruptcy courts with jurisdiction over "all cases under title 11" and "all civil proceedings arising under title 11 or arising in or related to cases under title 11." See 28 U.S.C. Sec. 1471(a) and (b) (1982). In In re Kaiser, 722 F.2d 1574 (2d Cir.1983), decided after Judge Cabranes' order in the instant case, we considered "the all-too-familiar claim that Marathon declared 28 U.S.C. Sec. 1471 unconstitutional in toto, leaving the district courts without jurisdiction to hear bankruptcy matters." Id. at 1577. We stated that "Marathon in no way involved the jurisdiction of the district courts," id., and noted that "the Court invalidated only the section 1471(c) jurisdictional grant to the bankruptcy courts and not the jurisdictional grant to the district courts under section 1471(a) and (b)," id. at 1578. We concluded that "section 1471(a) and (b) still explicitly vests jurisdiction in the district courts in 'all cases under title 11' and 'all civil proceedings arising under title 11 or arising in or related to cases under title 11'.... Therefore, ... the district courts retain broad original jurisdiction to entertain bankruptcy and related cases...." Id.
 
 
 9
 Our decision in Kaiser was followed in In re Adirondack Railway Corp., 726 F.2d 60, 63 (2d Cir.1984) ("[t]he bankruptcy jurisdiction of the district courts, conferred upon them by the new Act, 28 U.S.C. Sec. 1471(a) and (b), remains unimpaired, with only the exercise of that jurisdiction by the bankruptcy courts, id. Sec. 1471(c), invalidated by [Marathon ]. See Kaiser ...."); cf. In re Turner, 724 F.2d 338, 339 (2d Cir.1983) (citing Kaiser ). In addition, five other circuits have determined that the grant of jurisdiction to the district courts in section 1471 was unaffected by Marathon. Oklahoma Health Services Federal Credit Union v. Webb, 726 F.2d 624, 625 (10th Cir.1984); Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 200 (3d Cir.), cert. denied, --- U.S. ----, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983); White Motor Corp. v. Citibank, N.A., 704 F.2d 254, 259-60 (6th Cir.1983); In re Hansen, 702 F.2d 728, 729 (8th Cir.) (per curiam), cert. denied, --- U.S. ----, 103 S.Ct. 3539, 77 L.Ed.2d 1389 (1983); In re Braniff Airways, Inc., 700 F.2d 214, 215 (5th Cir.) (per curiam), cert. denied, --- U.S. ----, 103 S.Ct. 2122, 77 L.Ed.2d 1302 (1983).
 
 
 10
 Appellees maintain that Kaiser is distinguishable in that it involved a "core" proceeding whereas this case presents a "related" proceeding invoking state law. We fail to see the significance of this argument. We held in Kaiser that Marathon did not affect the grant of jurisdiction to the district courts in 28 U.S.C. Sec. 1471(a) and (b). Thus, the nature of the case is of no moment as long as it falls within the provision of section 1471(a) and (b). There is no question that the present dispute is within the scope of this section. Consequently, the district court has jurisdiction to entertain this action.
 
 
 11
 We reverse and remand to the district court for further proceedings.
 
 
 
 [1]
 Section (c)(2) of the Resolution states in pertinent part that:
 The reference to a Bankruptcy Judge may be withdrawn by the District Court at any time on its own motion or on timely motion by a party.... Any matter in which the reference is withdrawn shall be reassigned to a District Judge in accordance with the Court's usual system for assigning civil cases.
 
 
 [2]
 Appellees do not claim that an Article III court cannot be vested constitutionally with jurisdiction over these types of claims. See In re Turner, 724 F.2d 338, 341 (2d Cir.1983) (federal court may assert jurisdiction over any action by the debtor having a "significant connection" with the bankruptcy case). Rather, they maintain that the statutory jurisdiction found in 28 U.S.C. Sec. 1471(a) and (b) was invalidated in Marathon