**In the Matter of PINE ASSOCIATES, INC., Debtor.**

**AETNA CASUALTY & SURETY CO., Plaintiff,**

v.

**Michael A. DAURIA a/k/a Michael A. D'Auria, Patricia C. Dauria a/k/a Patricia C. D'Auria, Defendants.**

**Bankruptcy No. 2–82–00440.
Adv. No. 2–84–0049.**

United States Bankruptcy Court,
D. Connecticut.

May 17, 1984.

Dean M. Cordiano, Day, Berry & Howard, Hartford, Conn., for plaintiff.

Raymond A. Garcia, New Haven, Conn., for defendants.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR REMAND OF REMOVED PROCEEDING

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

### BACKGROUND

Pursuant to 28 U.S.C. § 1478 [1] and Fed. R.Bankr.P. 9027,[2] Pine Associates, Inc. (debtor) filed an application for removal to this court of the above-captioned proceeding from a Connecticut superior court. This matter now comes before the court on plaintiff's, The Aetna Casualty & Surety Co.'s (Aetna), motion, styled an application, to remand.[3] Gleaned from the pleadings

---

**1.** Section 1478 of Title 28 of the United States Code provides:

(a) A party may remove any claim or cause of action in a civil action ... to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

28 U.S.C.A. § 1478 (West 1984 Supp.).

**2.** *Fed.R.Bankr.P. 9027—REMOVAL.*

(a) *Application.*

(1) *Where Filed; Form and Content.* An application for removal shall be filed in the bankruptcy court for the district and division within which is located the state or federal court where the civil action is pending. The

application shall be verified and contain a short and plain statement of the facts which entitle the applicant to remove and be accompanied by a copy of all process and pleadings.

.    .    .    .    .

(d) *Filing in Non-Bankruptcy Court.* Removal of the claim or cause of action is effected on the filing of a copy of the removal application with the clerk of the court from which the claim or cause of action is removed. The parties shall proceed no further in that court unless and until the claim or cause of action is remanded.

**3.** (e) *Remand.* A motion for remand of the removed claim or cause of action may be filed only in the bankruptcy court and shall be served on the parties to the removed claim or cause of action. A motion to remand shall be determined as soon as practicable. A certified copy of an order of remand shall be mailed to the clerk of the court from which the claim or cause of action was removed.

and memoranda filed by the parties, the history behind the motion is as follows.

Debtor commenced its chapter 11 case in the bankruptcy court on May 12, 1982. Prior to the filing of the bankruptcy petition, debtor was an operating general construction contractor. Aetna, in connection with certain construction contracts, issued payment and performance bonds for debtor. Debtor's principal shareholders, Michael A. Dauria and Patricia C. Dauria (indemnitors), agreed to indemnify Aetna for any amounts it expended in connection with debtor's bonds. Allegedly because of debtor's unreasonable delay in performance, Aetna, as debtor's bonding company, paid monies to the Housing Authority of the Town of Windsor, the Housing Authority of the Town of Wethersfield and Mystic River Homes, Inc., all of whom had contracts with debtor for the construction of housing for the elderly. On November 1, 1982, debtor filed in the bankruptcy court an adversary proceeding against Aetna and its counsel, Gordon, Muir & Foley (GMF), alleging that it was damaged by Aetna and GMF in the bond-claims resolution process. That proceeding, pursuant to a motion by the debtor to revoke the reference, is currently pending in the District Court for the District of Connecticut subsequent to remand from the Court of Appeals for the Second Circuit. *See Pine Associates, Inc. v. The Aetna Casualty & Surety Company*, 733 F.2d 208 (2d Cir.1984).

On November 15, 1983, Aetna filed a proof of claim against the estate for $255,-614.98, the amount Aetna alleges it paid out on the bonds relating to the three construction contracts discussed above. On January 16, 1984, Aetna filed suit in Connecticut state court against the indemnitors on their indemnity obligations relating to those same three construction contracts. Aetna commenced this action with an *ex parte* attachment of realty to secure a potential judgment of $255,615.00. The debtor, on February 9, 1984, filed the application which removed that proceeding to this court. Aetna moved for remand of the removed proceeding on February 24, 1984. On April 3, 1984, Raymond A. Garcia, counsel for the debtor, filed an appearance as counsel for the indemnitors "for the limited purpose of appearing in opposition to" Aetna's motion for remand.

## II.

### AETNA'S ARGUMENTS FOR REMAND

Aetna makes the following arguments (rephrased somewhat) in favor of remand: (a) the application for removal is defective because it is signed only by the debtor which is not a party to the removed proceeding; (b) the state-court proceeding is nonremovable because it does not "relate to" debtor's Title 11 case within the meaning of 28 U.S.C. § 1471(b)[4]; (c) the proceeding should be remanded because it is a "related proceeding" within the meaning of the Emergency Resolution for the Administration of the Bankruptcy System (Emergency Resolution) and pursuant to § (d)(3) of the Emergency Resolution[5] this court cannot enter a final judgment or make a dispositive order concerning this proceeding without the consent of the parties; (d) equitable considerations compel remand of a proceeding against a Title 11 debtor's indemnitors. These contentions will be separately addressed.

**4.** Section 1471(b) of Title 28 of the United States Code provides:

[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under title 11.

28 U.S.C.A. § 1471(b) (West 1984 Supp.).

**5.** The Emergency Resolution for the Administration of the Bankruptcy System as adopted by the District Judges for the District of Connecticut provides in relevant part:

(d)(3)(A) Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a District Court or a State Court.

.    .    .    .    .

(B) In related proceedings the Bankruptcy Judge may not enter a judgment or dispositive order, but shall submit findings, conclusions and a proposed judgment or order to the District Judge, unless the parties to the proceeding consent to entry of the judgment or order by the Bankruptcy Judge.

### III.

### SUFFICIENCY OF THE REMOVAL APPLICATION

■ Section 1478(a) which governs removal to the bankruptcy court provides that "a party" may remove a proceeding. *See* 28 U.S.C. § 1478(a). Aetna argues that because debtor is not a *named* party to the state-court proceeding, debtor's removal application is fatally defective.

In *Frankford Trust Co. v. Allanoff (In re Dublin Properties)*, 20 B.R. 616, 9 B.C.D. 350, 6 C.B.C.2d 1123 (Bkrtcy.E.D. Pa.1982), *rev'd as to contempt order*, 9 C.B.C.2d 92 (E.D.Pa.1983), a similar argument was presented to the court. In *Dublin*, two banks had secured state-court judgments against two of debtor partnership's general partners. As part of a post-petition consent judgment with debtor, the banks transferred their rights in the judgments to debtor. The two general partners subsequently filed petitions in state court against the banks to have those judgments marked satisfied, or, in the alternative, opened. The debtor removed the state-court proceedings to the bankruptcy court. *Dublin Properties*, 20 B.R. at 618–19, 9 B.C.D. at 350–51, 6 B.C.2d at 1124–26. When the general partners argued that the debtor's removal application was defective because debtor was not a named party to the removed proceedings, the court replied:

> First, both banks, who *are* parties to the state court [sic] proceedings, have stated that they are in favor of the removal of those proceedings to the bankruptcy court. Second, since the debtor asserts that it is the real party in interest in the state court [sic] proceedings, as holder of a legal or equitable interest in the judgments, the debtor could have moved to intervene or to be substituted as a party in the state court [sic] proceedings. To hold that the debtor could not remove those proceedings to this court because it

was not technically a party to those proceedings would be to exalt form over substance.

*Dublin Properties*, 20 B.R. at 621, 9 B.C.D. at 352, 6 C.B.C.2d at 1128 (emphasis in original). *Accord Cincinnati Milacron Marketing Co. v. Ramirez (In re Wesco Products Co.)*, 19 B.R. 908, 8 B.C.D. 1364 (Bkrtcy.N.D.Ill.1982). *But see First National Bank of Nevada v. Johnie T. Patton, Inc. (In re Johnie T. Patton, Inc.)*, 12 B.R. 470 (Bkrtcy.D.Nev.1981).

The indemnitors, who are parties to the removed proceeding, join the debtor and argue for removal and against remand. And under Connecticut rules of procedure, *see* Conn.Gen.Stat. § 52–102; Conn.Prac. Book § 85,[6] debtor could have intervened and been made a party in the state-court proceeding to contest its underlying liability to Aetna. In the light of the broad discretion which § 1478(b) reposes in the bankruptcy court to remand or not to remand removed proceedings, *compare* 28 U.S.C. 1478(b) ("remand ... on any equitable ground.") *with* 28 U.S.C. § 1447(c) (case removed pursuant to 28 U.S.C. §§ 1441–44 remanded if "removed improvidently and without jurisdiction ...."), the narrow construction of § 1478(a) which Aetna urges is not persuasive. *See* Part VI, *infra*.

### IV.

### "RELATED TO" JURISDICTION

■ A proceeding can only be removed to the bankruptcy court if the proceeding is within the jurisdiction of the bankruptcy court. *See* 28 U.S.C. § 1478(a). Aetna argues that this proceeding is not within the subject-matter jurisdiction of this court because a proceeding against a Title 11 debtor's guarantor or indemnitor is not "related to" the Title 11 case within the meaning of 28 U.S.C. § 1471(b).

---

6. Section 52–102 and Practice Book § 85 are identically worded and provide as follows:

Any person may be made a defendant who has or claims an interest in the controversy, or any part thereof, adverse to the plaintiff, or whom it is necessary, for a complete determination or settlement of any question therein, to make a party.

Conn.Gen.Stat.Ann. 52–102 (West 1960); Conn. Prac.Book § 85 (1982).

This argument has previously been rejected by a bankruptcy court in this district in a similar situation. In *Plessey Precision Metals, Inc. v. The Metal Center, Inc. (In re The Metal Center, Inc.)*, 31 B.R. 458 (Bkrtcy.D.Conn.1983) (Shiff, B.J.), the plaintiff had instituted a prepetition suit against debtor and its guarantor. When debtor removed the proceeding, plaintiff argued its claim against debtor's guarantor was not removable because the bankruptcy court lacked jurisdiction over that claim. Judge Shiff rejected plaintiff's argument, saying:

> Although the scope of the jurisdiction conferred by the words "related to" found in 28 U.S.C. § 1471 has been subject to various interpretations, *see generally, In re General Oil Distributors, Inc.*, 21 B.R. 888, 9 B.C.D. 392, 394–95 n. 13 (Bkrtcy.E.D.N.Y.1982), numerous bankruptcy courts have found jurisdiction where, as here, a nondebtor has sued a debtor's guarantor. *See In re Bretano's, Inc.*, 27 B.R. 90, 10 B.C.D. 157 (Bkrtcy.S.D.N.Y.1983) [——, *rev'd on other g'nds*, 36 B.R. 90 (S.D.N.Y.1984) (Assuming jurisdiction, stay of suit against debtor's guarantor was improper)]; *In re Maine Marine Midland Corporation*, 20 B.R. 426 (Bkrtcy.D.Me.1982); *In re Brothers Coal Co., Inc.*, 6 B.R. 567, 6 B.C.D. 1066 (Bkrtcy.W.D.Va.1980); *In re Johnie T. Patton, Inc.*, 12 B.R. 470 (Bkrtcy.D.Nev.1981); *In re Greeman Motors, Inc.*, 22 B.R. 1 (Bkrtcy.D.N.M. 1982); *In re Hartley*, 16 B.R. 777 (Bkrtcy.N.D.Ohio 1982). I find this line of cases persuasive and accordingly conclude that the cause of action against [guarantor] is "related to" the ... bankruptcy case within the meaning of 28 U.S.C. § 1471.

*Metal Center*, 31 B.R. at 460. *See also Cincinnati Milacron Marketing Company v. Ramirez, (In re Wesco Products Co.)*, 19 B.R. 908, 8 B.C.D. 1364 (Bkrtcy.N. D.Ill.1982) (Suit against corporate treasurer who signed dishonored corporate checks). *But see Kash & Karry Wholesale, Inc.*, 28 B.R. 66, 10 B.C.D. 239 (Bkrtcy.D.S.C.1982). After a review of the cases, I concur with Judge Shiff's holding that a proceeding against a debtor's surety is "related to" the debtor's Title 11 case within the meaning of 28 U.S.C. § 1471(b). Therefore, this proceeding is removable under 28 U.S.C. § 1478(a).

## V.

## RELATED PROCEEDING

The Second Circuit in *Salomon v. Kaiser (In re Kaiser)*, 722 F.2d 1574 (2d Cir.1983) and *Pine Associates, Inc. v. The Aetna Casualty & Surety Co. (In re Pine Associates, Inc.)*, 733 F.2d 208 (2d Cir.1984), has held that since *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), invalidated only the exercise by the bankruptcy court of the full scope of the jurisdiction granted the district courts in 28 U.S.C. § 1471(b), district court jurisdiction under § 1471(a) and (b) remained unaffected. The provisions of 28 U.S.C. § 1478 also remain intact.

> The post *Marathon* decisions, which hold that 28 U.S.C. § 1471 was not invalidated in its entirety, apply *a fortiori* in support of the continued vitality of 28 U.S.C. § 1478.... Because the removal provisions carry no constitutional infirmities independent of those connected with 28 U.S.C. § 1471, which have been temporarily alleviated by the Emergency Rule, I conclude that 28 U.S.C. § 1478 remains in force. Just as proceedings are now commenced in the bankruptcy court and then "referred" there by the district court, Emergency Rule ¶¶ (b), (c)(1), so too proceedings may be removed to the bankruptcy court in the context of the referral by the district court.

*Metal Center*, 31 B.R. at 461. *Contra Net Realty Holding Trust v. Orange-Co., Inc. (In re Lumara Foods of America, Inc.)*, 28 B.R. 83, 7 C.B.C.2d 1263 (Bkrtcy.E.D.N.Y. 1983).

Although Aetna's argument is labeled jurisdictional, a reading of Aetna's brief reveals that Aetna does not challenge this court's jurisdiction under the Emergency

Resolution to entertain this proceeding. Rather, Aetna points out that under § (d)(3)(B) of the Emergency Resolution, this court cannot render a final judgment or dispositive order in this proceeding and, pursuant to § (e)(2)(B) of the Emergency Resolution,[7] the district court may reject the bankruptcy court's proposed judgment or order and conduct its own hearing on the matter. Therefore, Aetna argues, the matter should be remanded to the Connecticut superior court which has "undisputed jurisdiction to render a judgment in Aetna's action," Plaintiff's Memorandum of February 24, 1984 at 6, without the possibility of duplicate factual hearings. In some situations, the possibility of delay inherent in the scheme of the Emergency Resolution may indicate that a remand is appropriate. See In re Tremblay, 31 B.R. 200 (Bkrtcy.D. Vt.1983) (State-court action had been pending twenty months and had been scheduled for trial in the state court five months before decision on motion for remand). Here, however, the state-court action had been pending only since January 16, 1984 before it was removed to the bankruptcy court on February 9, 1984. Moreover, there are additional, weightier equities in the proceeding, discussed in Part VI of this opinion, infra, which counsel against remand.

## VI.

### EQUITABLE GROUNDS FOR RETENTION OR REMAND

■ The equities can favor a remand of a removed proceeding against a debtor's surety when there are no special circumstances mandating retention. See, e.g., Midlantic National Bank/Citizens v. Comtek Electronics, Inc. (In re Comtek Electronics, Inc.), 23 B.R. 449, 7 C.B.C.2d 540 (Bkrtcy.S.D.N.Y.1982) ("If a creditor

can recover on its debts from some other source than the debtor's assets, the Bankruptcy Court usually will not prevent such efforts.") However, when the debtor is actively litigating in federal court what could be a defense to the principal obligee's claim and a remand would expose the surety to possible inconsistent judgments, the equities weigh against remand. Metal Center, supra. See also Moore v. Kovac (In re Seven Water Holes Corp., Inc.), 29 B.R. 18 (Bkrtcy.W.D.La.1983) (Underlying debt stipulated to; "[a]s the liability of the debtor is admitted there is no danger of conflicting judgments being issued by the state court and the bankruptcy court.").

In the adversary proceeding currently pending before the district court, see Pine Associates, Inc. v. The Aetna Casualty & Surety Co., supra, the debtor alleges misconduct on the part of Aetna and GMF. Aetna's alleged misconduct may or may not be a proper surety defense available to indemnitors in the state-court proceeding. If indemnitors cannot raise Aetna's alleged misconduct as a defense, they are likely to have to pay Aetna. Even if indemnitors can raise Aetna's alleged misconduct as a defense, they may not prevail and, again, they will likely have to pay Aetna. A finding on the misconduct issue favorable to Aetna would not be binding on debtor, however. See Metal Center, 31 B.R. at 461–63 (Postpetition judgment against guarantor favorable to principal obligee not binding on debtor). If debtor prevails on the misconduct issue in the pending adversary proceeding, Aetna's claim may be disallowed or offset pursuant to 11 U.S.C. § 553. If Aetna's claim is disallowed or offset, the indemnitors' claim for reimbursement would be disallowed. See 11 U.S.C. § 502(e).[8] Therefore, if this pro-

---

7. Section (e)(2)(B) of the Emergency Resolution provides:

   In conducting review, the District Judge may hold a hearing and may receive such evidence as appropriate and may accept, reject, or modify, in whole or in part, the order or judgment of the Bankruptcy Judge, and need give no deference to the findings of the Bankruptcy Judge.

At the conclusion of the review, the District Judge shall enter an appropriate order or judgment.

8. Section 502(e) of the Bankruptcy Code provides:

   (1) [T]he court shall disallow any claim for reimbursement or contribution of an entity that

ceeding is remanded to the state court, indemnitors may have to pay Aetna but be unable to participate in any distribution from debtor's Title 11 estate.

One more point remains to be addressed. The district court has yet to decide where in the federal system, district court or bankruptcy court, the adversary proceeding, *Pine Associates Inc. v. The Aetna Casualty & Surety Co.*, will be heard. If that proceeding is finally tried in the district court, there are procedural devices available such that the instant proceeding will not be tried independently of the above adversary proceeding and prior to it. The indemnitors, therefore, need not be exposed to the same risk of inconsistent verdicts in separate trials within the federal forum as they would experience as a result of separate trials in the state and federal fora. Matters must be taken one step at a time, however, and it is now appropriate for this court to hold only that the instant proceeding shall not be remanded to the state court.

## VII.

### CONCLUSION

For the reasons discussed above, Aetna's motion for remand is denied. It is

SO ORDERED.

is liable with the debtor on, or has secured, the claim of a creditor, to the extent that—
    (A) such creditor's claim against the estate is disallowed.

11 U.S.C.A. § 502(e) (West 1979).