**In re Marvin A. GEFFKEN, dba Metro Area Roofing Company, Debtor.**

**Bankruptcy No. 583–937.**

United States Bankruptcy Court, N.D. Ohio.

Oct. 30, 1984.

George D. Mallo, Akron, Ohio, for State of Ohio.

Michael J. Moran, Cuyahoga Falls, Ohio, for debtor.

Phillip E. Donner, Columbus, Ohio, Law Director BWC.

Jerome Holub, Akron, Ohio, Trustee.

## FINDING AS TO MOTION TO ENJOIN

H.F. WHITE, Bankruptcy Judge.

Marvin A. Geffken, dba Metro Area Roofing Company ("debtor"), filed a petition under Chapter 13 of the Bankruptcy Code on June 22, 1983. Prior to the filing of the Chapter 13 petition, the Industrial Commission of Ohio ("Commission") had commenced an action against the debtor in the Common Pleas Court of Summit County Ohio, Case No. CV 84–2–0329. The Commission brought this action pursuant to Ohio Revised Code ("O.R.C.") section 4123.79 to enjoin the debtor from further operation of his business because of his failure to pay his premiums into the workers' compensation fund. The debtor seeks an order permanently enjoining the Commission from proceeding with its state court injunctive action.

This court entered a preliminary injunction to stay the Commission from further proceedings in the state court and requested the parties to submit briefs. The briefs have been filed and the court now renders its decision.

The pertinent facts are not in dispute and may be stated succinctly. The debtor employs two employees and is an "employer" for purposes of Ohio's workers' compensation statute, O.R.C. section 4123.01 et seq. The Commission's state court action is based on the debtor's failure to pay pre-petition premiums. The debtor has apparently complied with the workers' compensation statute and all rules and regulations thereunder during the post-petition period.

O.R.C. section 4123.79 states, in pertinent part:

Any employer who has paid his premium into the workers' compensation fund may enjoin the further operation of an employer subject to sections 4123.01 to 4123.94 of the Revised Code, who has

failed to pay his premium to the workers' compensation fund as prescribed in such sections. The attorney general or the industrial commission may also enjoin such further operation.

The debtor argues that the Commission's injunctive action is subject to the automatic stay of 11 U.S.C. section 362(a)(1), which provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

The Commission counters this argument by stating that, pursuant to section 362(b), its state court action against the debtor is excepted from the automatic stay. 11 U.S.C. section 362(b)(4) and (5) states:

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), does not operate as a stay—

(4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

(5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

The Commission cites *In re Mansfield Tire and Rubber Co.,* 660 F.2d 1108 (6th Cir.1981) to support its position. In *Mansfield Tire* the Sixth Circuit reversed an order of the bankruptcy court which found that the Commission was stayed from adjudicating the claims of the debtor's employees pursuant to section 362(a). In reversing the bankruptcy court, the Sixth Circuit stated: "[W]e find that the administration of workers' compensation claims by the State of Ohio and the agencies created for that purpose is a valid exercise of the police or regulatory power of a governmental unit. The activity thus falls within the exception of 11 U.S.C. section 362(b)(4) and the Bankruptcy Court erred in refusing to vacate the automatic stay of section 362(a)(1)." Id. at 1114.

*Mansfield Tire* is the law of this circuit to which this court is bound. The Commission, however, reads *Mansfield Tire* too broadly. The court finds that it is inapposite to the issue presented in this case.

The Sixth Circuit emphasized that its decision in *Mansfield Tire* was narrow:

As the decisions discussed above have noted, our holding does not carry the effect of actually allowing a claim of the [I]ndustrial Commission against the estate of the debtor. This is a matter which would have to be handled in the Bankruptcy Court when it is filed there, along with the other claims against the estate. Our decision allows the State of Ohio, the Industrial Commission, and the Bureau of Workers' Compensation to proceed forthwith in the administration of workers' compensation claims brought by employees of Mansfield Tire & Rubber Company.

Id. at 1114–15. The court also stressed that its decision would not affect the debtor's estate:

The exercise by the Commission of its lawful powers on the other hand gives it no preference over the creditors of the Debtor and injures them in no respect, as it does not interfere with the property of the Debtor's Estate. The insurance fund, not the Debtor's Estate, pays the claims for which the employer has paid the premium.

Id. at 1113.

In contrast, the Commission in the present matter seeks to affect the debtor

and his estate in the most fundamental way. The Commission's state court action, if successful, would put the debtor out of business. This would obviously harm the other creditors whose claims could not be paid if the debtor went out of business.

In sum, the issue before this court is quite different from the issue before the Sixth Circuit in *Mansfield Tire*. *Mansfield Tire* merely allows the Commission to process workers' compensation claims even though the employer has filed for bankruptcy. It does not provide a blanket exception to the automatic stay to allow the Commission to do whatever it wants. *Mansfield Tire* certainly does not sanction the Commission's attempt to put the debtor out of business.

The text of 11 U.S.C. section 362(b)(4) and (5) limits the exception to the automatic stay to actions brought "to enforce such governmental unit's police or regulatory power". The legislative history illuminates this exception.

Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay. Paragraph (5) makes clear that the exception extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment. Since the assets of the debtor are in the possession and control of the bankruptcy court, and since they constitute a fund out of which all creditors are entitled to share, enforcement by a government unit of a money judgment would give it preferential treatment to the detriment of all other creditors.

House Report No. 95–595, 95th Cong., 2d Sess. at 343, *reprinted in* 1978 U.S.Code Cong., and Adm.News, 5787, 6299. *See also* Senate Report No. 95–989, 95th Cong., 2d Sess. p. 52, *reprinted in* 1978 U.S.Code Cong. and Adm.News, 5787, 5838.

Additionally, Congressman Don Edwards, the chairman of the Judiciary subcommittee considering the Bankruptcy Code, stated:

This section [362(b)(4)] is intended to be given a narrow construction in order to permit governmental units to pursue actions to protect the public health and safety and not to apply to actions by a governmental unit to protect a pecuniary interest in property of the debtor or property of the estate.

124 Cong.Record H 11089, *reprinted in* 1978 U.S.Code Cong. & Ad.News 6436, 6444–6445.

In light of this legislative history, courts have drawn the distinction between governmental actions which are aimed at advancing a pecuniary interest of the government and those actions which actually affect health, welfare, morals, and safety. *See e.g. Missouri v. United States Bankruptcy Court*, 647 F.2d 768 (8th Cir.1981), cert. denied, 454 U.S. 1162, 102 S.Ct. 1035, 71 L.Ed.2d 318 (1982); *In re Thomassen*, 15 B.R. 907, 8 BCD 530 (BAP 9th Cir.1981); *In re Rath Packing Co.*, 35 B.R. 615 (Bkrtcy.N.D.Iowa 1983); *In re King Memorial Hospital, Inc.*, 4 B.R. 704, 6 BCD 634 (Bkrtcy.S.D.Fla.1980). The former actions are stayed under 11 U.S.C. section 362(a)(1). *Missouri v. United States Bankruptcy Court, supra; In re Rath Packing Co., supra; In re King Memorial Hospital, Inc., supra.* But governmental actions which do serve a legitimate police or regulatory purpose will be excepted from the automatic stay pursuant to 11 U.S.C. section 362(b)(4) and (5). *In re Mansfield Tire and Rubber Co., supra; In re Thomassen, supra.*

■ The purpose of O.R.C. section 4123.-79 is somewhat problematic since there are apparently no reported opinions from Ohio courts construing this statute and Ohio legislative history is non-existent. For its own part, the Commission has been unwilling to

reveal its purpose in bringing its state court action against the debtor. Nevertheless, this court has no difficulty in concluding that the Commission's action under O.R.C. section 4123.79 against the debtor is subject to the automatic stay of 11 U.S.C. section 362(a)(1) and is not subject to the exceptions to the stay under section 362(b)(4) and (5).

It appears to this court that O.R.C. section 4123.79 was enacted for the primary purpose of enforcing the state's pecuniary interest. It threatens an employer with the ultimate sanction of terminating business operations should the employer become delinquent in paying premiums into the workers' compensation fund. If this court were to let the Commission proceed with its action, then the Commission could virtually coerce the debtor into paying his pre-petition premiums. In such a case the Commission would have obtained a preference over other creditors. This clearly distinguishes the Commission's presently contemplated action from the exception provided by *In re Mansfield Tire and Rubber Co., supra.*

The Commission has offered no valid reason why its action against the debtor should be permitted to continue. It does not appear that the Commission's action is even remotely related to protecting the public's health or safety. Indeed, it appears that an action brought under O.R.C. section 4123.79 should never qualify for the exception to the stay of 11 U.S.C. section 362(b)(4) and (5). A private employer may also bring an action under O.R.C. section 4123.79. Thus, it hardly seems that this statute serves a "governmental unit's police or regulatory power".

■ Even if the Commission's action was not brought to collect the pre-petition premiums, the Commission's action must still be stayed. In such a case the Commission could have only one goal—to prevent the debtor from doing business. This would directly interfere with this court's jurisdiction over, and control of, the debtor's property. Such a fundamental intrusion into the administration of a bankruptcy case would not qualify for the narrow exception

to the automatic stay provided by section 362(b)(4) and (5). *Missouri v. United States Bankruptcy Court, supra; In re King Memorial Hospital, Inc., supra.*

The court also concludes that the Commission's action, in addition to being stayed under 11 U.S.C. section 362(a)(1), is prohibited under 11 U.S.C. section 525 and the rule of *Perez v. Cambell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). In *Perez,* the Supreme Court invalidated an Arizona statute which denied a driver's license to drivers whose unpaid tort judgments were discharged in bankruptcy. The Court found that such a statute frustrated the bankruptcy law policy of providing honest debtors with a fresh start.

■ *Perez* was codified in 11 U.S.C. section 525 which provides in relevant part:

[A] governmental unit may not deny, revoke, suspend, or refuse to renew a license, permit, charter, franchise, or other similar grant to, condition such a grant to, discriminate with respect to such a grant against, deny employment to, terminate the employment of, or discriminate with respect to employment against, a person that is or has been a debtor under this title or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.

The court finds that the Commission's actions are prohibited under this section and *Perez.* The Commission's action appears to be motivated solely because the debtor did not pay his pre-petition premiums. The Commission's action, if successful, would prevent the debtor from operating his business. This would be a prime example of discriminatory treatment prohibited by the Bankruptcy Code.

This court recognizes that where a valid governmental police or regulatory purpose would be served an exception to the automatic stay will be found. Such an exception might even permit a state to prevent a debtor from operating a business or profession. *See e.g. In re Thomassen, supra* (license revocation proceedings of medical board entitled to exception from automatic stay). But such an exception must promote a valid governmental police or regulatory function such as the protection of the public's health, safety, or welfare.

In the present case, the Commission has failed to show that its action is properly excepted from the automatic stay. Furthermore, the court has found that the Commission's actions are prohibited under 11 U.S.C. section 525 and *Perez v. Cambell, supra.* Accordingly, the debtor's motion to permanently enjoin the Commission from proceeding on its state court action against the debtor for the non-payment of pre-petition premiums to the workers' compensation fund must be granted.