**In re EAGLE BEND DEVELOPMENT, Debtor.**

**Bankruptcy No. 586–00895–MO7.**

United States Bankruptcy Court,
W.D. Louisiana,
Monroe Division.

May 22, 1986.

Stephen Katz, Rankin, Yeldell, Herring & Katz, Bastrop, La., for trustee.

J. Michael Hart, Theus, Grisham, Davis & Leigh, Monroe, La., for Larry Crowe.

Johnny Dollar, McLeod, Swearingen, Verlander & Dollar, Monroe, La., for Agrarian Development Corp.

David Garrett, Madison, Garrett, Brandon, Hamaker, Wilson & Tugwell, Monroe, La., for Roy Q. Cole, Provisional Receiver.

## MEMORANDUM AND ORDER

LeROY SMALLENBERGER, Bankruptcy Judge.

### Introduction

This case has thrown this Court into one of the worst legislative quagmires caused by the 1984 Amendments to the Bankruptcy Code. At issue before this Court is the continued validity of Bankruptcy Rule 9027 and 28 U.S.C. §§ 1471 and 1478 and the question of whether or not there exists a proper procedure in the Western District of Louisiana under the 1984 Amendments for removal of claims from a State Court to the Bankruptcy Court. Our analysis of the law, jurisprudence and legislative history lead us to the following conclusion: Under the 1984 Acts and Amendments to the Bankruptcy Code, cases may be removed only to the District Court. See 28 U.S.C. § 1452(a). Arguably, the provisions of the Bankruptcy Rule 9027 governing removal to a Bankruptcy Court are no longer workable since these were drafted to work in concert with 28 U.S.C. §§ 1478 and 1471, which have been repealed by the 1984 Amendments; thus, the time limits and other procedural guidelines contained in Bankruptcy Rule 9027 may no longer be applicable and thus, the 30 day time limit contained in the federal general removal statute, in particular 28 U.S.C. § 1446, must control. However, since there is a local rule automatically referring a motion or application to remove to this Bankruptcy Court consistent with 28 U.S.C. § 157, the Court must conclude that 1452(a) controls and that a party to remove a claim or cause of action may file the application to remove in the Bankruptcy Court or the District Court. Local Rule 31c then refers the action to this Court. See *Creasy v. Coleman Furniture Company*, 763 F.2d 656 (4th Cir.1985).

### FINDINGS OF FACT

On April 2, 1986, the debtor through Roy Cole, state appointed liquidator, filed a Chapter 11 Reorganization proceeding in this Court. Immediately, in exercising its rights under the Bankruptcy Code as debtor-in-possession, Mr. Cole converted this Chapter 11 Reorganization to a Chapter 7 Liquidation and requested a trustee to be appointed. This was done by Court Order that day. Additionally, the trustee sought Court approval allowing the debtor-in-possession, while in a Chapter 7 Liquidation, to operate the crop and farming operation until the end of the calendar 1986 year and additionally sought Court authority to borrow $600,000.00 for the purpose of the production of a 1986 crop. There were additional motions filed not important to the present proceeding.

The record indicates that Eagle Bend Development Corporation is made up of two partners, one Agrarian Development Corporation a wholly owned subsidiary of Peoples Homestead Federal Bank for Savings and the other Mr. Larry D. Crowe, a resident of the state of Mississippi. Eagle Bend consists of some four to five thousand acres of crop land located in both Louisiana and Mississippi. On March 13, 1986, Agrarian filed suit against Crowe and Eagle Bend Development due to the failure of the two partners to agree to a financing package resulting in a deadlock between partners. A majority of the assets owned

by the partnership were scheduled for foreclosure on April 8, 1986. On March 13, 1986, the Honorable Michael Ingram of the Fourth Judicial District Court in Monroe, Louisiana, appointed Mr. Roy Cole as *provisional* receiver in this case. Mr. Cole's authority included the ability to file for Chapter 11 protection under Federal Bankruptcy [1] Law. Mr. Cole was appointed provisional receiver via minute entry and service of process was accomplished by the Long Arm Statute. On April 17, 1986, clearly in violation of the automatic stay of 11 U.S.C. § 362, Mr. Crowe via counsel filed in State Court exceptions of prematurity, lis pendens and improper use of summary process. These exceptions were fixed for trial on May 12, 1986, were heard at trial and advisory writs were granted to the Second Circuit Court of Appeals for the State of Louisiana, on whether or not the automatic stay of section 362 precluded Judge Ingram from hearing those matters. Due to the continuation of proceeding before Judge Ingram, the Trustee, Mr. Vining, on May 5, 1986, filed an application for removal of the case before Judge Ingram to the United States Bankruptcy Court pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027. Mr. Crowe immediately filed a motion to remand and abstain.[2]

The record does not show when the citation, dated March 13, 1986 was served upon the defendants, Mr. Crowe or Eagle Bend Development Corporation. The citation reads as follows:

You must *EITHER* do what the petition asks OR, within *thirty* 30 days after the filing in the record of an affidavit by the individual who mailed these documents to you showing that they were enclosed in an envelop addressed with sufficient postage affixed and the date they were deposited in the United States Mail to you and the return receipt showing delivery thereof, YOU must file an answer or other legal pleadings in the office of the Clerk of Court at the Ouachita Parish Courthouse—Monroe, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within *THIRTY* (30) DAYS a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Ouachita Parish on the 13th day of March, 1986.

## CONCLUSIONS OF LAW

At issue before the Court are the following questions:

1. What statutory time limit applies for filing removal actions with a District or Bankruptcy Court pursuant to 28 U.S.C. § 1452, which provides:

(a) a party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit police or regulatory power to the District Court for the district where such civil action is pending if such District Court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) the Court to which claim or cause of action is removed may remand such claim or cause of action on any equitable ground and order entered under this subsection remanding a claim or cause of action or a decision not to

---

1. This Court has taken under advisement the supremacy clause issue of whether or not Mr. Cole was precluded by the State Court receivership judgment from converting this case from a Chapter 11 to a Chapter 7 liquidation proceeding. At issue, is the question of whether or not the debtor-in-possession and this Court must be bound by the authority as dictated in a State Court judgment or whether or not the liquidator comes under the protection of the Bankruptcy Code and has all the rights as dictated by Congress under the Bankruptcy Code and Rules.

2. The Court specifically notes that prior to the May 12, 1986 hearing before Judge Ingram this Court deemed it necessary to issue an order specifically staying counsel from proceeding before Judge Ingram because of the automatic stay of section 362. This Court made numerous attempts to contact Mr. Hart and repeatedly were told that Mr. Hart was unavailable to take phone calls. Thus, the Court felt that we had no choice, but to enter the order on May 12, 1986, again attempting to stay proceedings before Judge Ingram.

remand is not reviewable by a appeal or otherwise.

2. What is the proper court to file the removal petition; related to that question is the question: if the petition for removal is filed with this Court does this Court have jurisdiction to hear the issue of whether or not removal was proper?

■ We first note that Bankruptcy Rule 9027 provides that the application for removal may be made only within the longest of three possible periods. It must be filed:

only within the longest of

(A) 90 days after the order for relief in the case under the code,

(B) 30 days after entry of an order terminating a stay if the claim or cause of action in a civil action has been stayed under section 362 of the Code, or

(C) 30 days after a trustee qualifies in a Chapter 11 Reorganization, but not later than 180 days after the order for relief.

We specifically note that a Bankruptcy Court must have jurisdiction over a claim that is removed to it. See *In Re: Schaffer*, 42 B.R. 522 (Bkrtcy.N.D.Texas, 1984). Since the 1984 amendments, the applicability of 28 U.S.C. § 1478 and Bankruptcy Rule 9027 to the removal process has been seriously questioned. The opening shot was fired in *State Bank of Lumbard v. Chart House*, 46 B.R. 468 (Bkrtcy.N.D.Illinois, 1985). In that case, Judge Bua interpreted the Bankruptcy Amendments and Federal Judgeship Act of 1984: Public Law 98–353 of July 10, 1984 and held that a petition of removal of an action from State Court based on section 1334 and 1452 must be made within the 30 day limitation period set forth in 28 U.S.C. § 1446. Judge Bua never directly addressed the issue of the continued viability of Bankruptcy Rule 9027; he did hold, however, that where under section 1334(c)(2) the petition for removal does not state any other grounds for the District Court's jurisdiction (i.e. diversity or other federal question) and the state action can be timely adjudicated, the cause of action must be remanded to State Court. Additionally, Judge Bua noted that where

the debtor files a bankruptcy more than 30 days after the complaint is served in a State Court action, under § 1452 the State Court proceeding should not be removed but the debtor has the protection of the automatic stay of section 362, if his property is involved in the state action.

Judge Bua based his holdings in part on *In Re: Schaffer*, supra. In *Schaffer*, Bankruptcy Judge Ford held that Bankruptcy Rule 9027 provides the basis and procedure for removal of cases under 28 U.S.C. § 1478, but since there is no bankruptcy rule concerning the effect of the removal of an amended proceeding, the Court relied on 28 U.S.C. § 1446 for guidance. *In Re: Schaffer* was decided before the effective date of the 1984 Amendments. Thus, Judge Bua took Judge Ford's lead and looked to other general federal statutes in solving the time period gap problem.

The Bankruptcy Courts created by the new 28 U.S.C. § 151 as enacted by § 104 of the 1984 Act do not have an independent grant of jurisdiction; instead, these courts may exercise jurisdiction only over those cases which are referred to them by the District Court. 28 U.S.C. § 157(a), (d) provides as follows:

(a) Each district court may provide that any or all cases under title 11 and any or all proceedings under title 11 or arising in or related to a case under title 11 shall be referred to the Bankruptcy Judges for the district.

(d) A district court may withdraw in whole or in part any case or proceeding referred under this section on its own motion or on timely motion of any party for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities effecting interstate commerce.

The authority for Bankruptcy Courts is much more limited than that contemplated by the 1978 Act and is an attempt by

Congress to comply with the Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipeline Company*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

In *In Re: Geffken*, 43 B.R. 697 (Bkrtcy. N.D.Ohio, 1984), the Court stated as follows:

> It follows that this court cannot have jurisdiction over an action purportedly removed to it under the no longer effective 28 U.S.C. § 1478. Furthermore, the court finds that there is no other statute which would confer jurisdiction on this Court by removal. The 1984 Act does provide for the removal to the district court of actions related to bankruptcy cases. See 28 U.S.C. § 1452(a) as enacted by section 103 of the 1984 Act, but there is no provision for the removal of actions to the bankruptcy court. The bankruptcy court acquires jurisdiction over an action only by referral from the District Court. Accordingly, this bankruptcy court does not have the authority to assume jurisdiction over this civil action ... if plaintiff wishes this court to hear said action then it must move the district court for an order referring to this court as provided by 28 U.S.C. § 157(c)(2). 43 B.R. at 697.

Echoing these cases is *In Re: Allen County Bank and Trust Co., v. Valvmatic International Corporation*, 51 B.R. 578 (N.D.Indiana 1985). *Valvmatic* involved the removal of a state court suit, concerning the interpretations of a real estate contract; the action was removed to the Bankruptcy Court and subsequently the Bankruptcy Court ordered all proceedings stayed until the District court could rule on the matter of removal pursuant to 28 U.S.C. § 1452. In *Valvmatic*, District Judge Lee held that where the complaint is served in a state court action after bankruptcy was filed, § 1452 operates to provide a debtor with an option of where to proceed with the defense of the suit. Judge Lee noted that § 1452, however, does not operate to obviate the requirement that a debtor defend an action begun after the debtor filed bankruptcy. Thus, the

Court agreed with the conclusion of *Chart House* that the § 1446 time limit applies to § 1452 and therefore the debtor had 30 days after service of the complaint to file its petition for removal with the District Court. Judge Lee also noted that Bankruptcy Rule 9027 did not apply in the case before him because it concerned issues arising not out of § 1478, but out of § 1452, which had been enacted by the 1984 Amendments.

The Court notes at this point that in the case at bar, the record fails to indicate the date that the amended complaint was served on the trustee or its attorney. Arguably, the trustee stands in the shoes of the debtor-in-possession the receiver, Mr. Cole. Additionally, Louisiana Law does provide that there is a requirement of service of process and thus the 30 day period may not yet have run. La.RS. 12:151–8 (West. 1986).

Next, the Court notes the case of *In Re: Morris*, 55 B.R. 615 (Bkrtcy.N.D.Texas 1985). In Morris, Bankruptcy Judge Abramson wrote:

> This Court rather than the district court has authority to enter a final order of remand. Debtors have removed the case pursuant to 28 U.S.C. 1452(a) which specifies that a party may remove a claim or cause of action in most civil actions to the district court. By virtue of the local rule promigated by the district courts of the Northern District of Texas, dated August 8, 1984, this case was automatically referred to this court for deposition consistent with the provisions of 28 U.S.C. 157. The operative effect of this removal and withdrawal is that the instant proceeding was removed to this court. § 1452(b) states that the Court to which such claim or cause of action is removed may remand such claim or cause on any equitable ground. It is noteworthy that counsel for debtors initially removed the action to this Court and not to the district court; yet when the tide turns against her she suggests that the case was actually placed before the district court and that only the dis-

trict court has jurisdiction to remand. Such a theory is plainly inconsistent with Rule 9027(b), which provides that:

a motion for remand of a removed claim may be filed only in the bankruptcy court a motion to remand shall be determined as soon as practicable. 55 B.R. at 617.

Thus, in *Morris* Judge Abramson appears to consider that Bankruptcy Rule 9027 remains viable and in effect despite the effect of the 1984 Amendments on § 1478 and the resulting enactments involving § 1452. Thus, *Morris* conflicts with the analysis of *Chart House.* There was, however, in *Chart House* no discussion of Bankruptcy Rule 9027 and the *Schaffer* case specifically found that the hurdles of 9027 must be overcome before it addressed the issue of what was the effect of the amended pleadings of the removal of cases under 28 U.S.C. §§ 1478 and 1446. The Court in *Shaffer* specifically noted that the amended removal petition had been filed some four months after the initial removal petition was filed and thus the second petition was late under Bankruptcy Rule 9027.

█ It is this Court's duty to make a reasonable and logical attempt to interpret conflicting statutes rather than finding that statutes or other acts have been repealed sub silentio. The Court believes that this was the underlying rationale of the Fourth Circuit Court of Appeals opinion in *Creasy,* supra. Judge Sneeden writing for the Court stated that,

although the facts of the case before the Court concerned events that occurred before the effective date of the 1984 Amendments, Congress made it plain that the 1984 Amendments concerning jurisdiction and procedure were to be applied in pending cases. 763 F.2d at 631.

The Court decided to apply the 1984 Act to determine if the District Court had jurisdiction in light of the fact that the case was pending in the District Court at the time that the 1984 Act was enacted.

The facts in *Creasy* were as follows: Coleman Furniture filed for Reorganization, under Chapter 11 on November 3, 1982. This was subsequently converted to a Chapter 7, Liquidation. While in a Chapter 7, the trustee, Mr. Creasy, filed an adversary proceeding in Bankruptcy Court in which he sought to determine the rights to funds of Coleman Furniture employees' pensions and to recover any excess funds paid out as assets of the bankruptcy estate. One of the employees, Miss Turman filed a declaratory judgment action in State Court in which she sought a determination of her rights in the pension fund. This action was filed on October 12, 1983. The trustee in the original bankruptcy action had sought to terminate the pension fund and liquidate its assets. On November 21, 1983, Bank of Virginia Trust which was the trustee of the employee pension fund filed an application to have the State Court declaratory action removed to the United States Bankruptcy Court. The removal action was granted despite Turman's contention that it was untimely. A motion to remand was then filed to return this suit to State Court. The District Court found that the Virginia Trust filed a timely petition under the bankruptcy removal statute and accompanying Bankruptcy Rule 9027.

At issue before the Court of Appeals was when does the time period start to run in a bankruptcy removal case involving multiple defendants. The Court then stated as follows:

In cases involving 28 U.S.C. § 1441 a defendant must petition to remove within 30 days after receiving a State Court summons or pleading. See 28 U.S.C. § 1446(b). In cases involving multiple defendants, under § 1441, some courts have held that the state action must be removed within 30 days after service upon the first defendant to be served. See *Balestrieri vs. Bell Asbestos Mines,* 544 F.Supp. 528 (B.C.Pennsylvania 1982). (Time for filing removal petitions starts to run when first defendant is served). The bankruptcy removal rule also requires that a party must remove within 30 days after receiving a State Court summons. See Bankruptcy Rule 9027(a)(3).

Turman argued that the Bankruptcy Rules should be interpreted in the same fashion as the rule for 28 U.S.C. § 1441, but in a § 1441 case involving multiple defendants all of the defendants must agree to the removal of the State Court action. *Harris B. Edward Hyman Company,* 664 F.2d 943 (5th Cir.1981). Under the bankruptcy removal statute however, any one party has the right to remove the State Court action without the consent of the other parties.

The District Court reasoned that § 1452 was different from § 1441 because under the bankruptcy removal statute any party without the consent of the other defendants has the right to remove a State Court action. If the bankruptcy removal statute is involved, the first defendant served has no incentive to contact the other defendants to obtain their consent because he does not need it to remove. If the first defendant does not want to remove, the 30 day could expire before the subsequent defendants are notified or even served. The same result may occur in a § 1441 removal action; but, the lack of notice to the subsequent defendants is not as detrimental, because the subsequent defendants could not remove the case anyway without the consent of the first defendant. The lack of notice does make a difference however, when each defendant has a right to remove the State Court action. *Thus, we hold that so long as one defendant meets the 30 day requirement that the bankruptcy removal petition would be timely.* Otherwise, the policy of having all related bankruptcy matters litigated in one form would be unnecessarily restricted. Virginia Bank filed its removal petition within 30 days of receiving its State Court summons; therefore, we find that the removal petition was final. 763 F.2d at 661. (Court Emphasis).

Thus, the Fourth Circuit in *Creasy* indicates that Bankruptcy Rule 9027 remains valid. Finally, and most persuasively is the case of *In Re: Philadelphia Gold Corporation,* at 56 B.R. 87 (Bkrtcy.E.D.Pennsyl-

vania 1985). Bankruptcy Judge Goldhaber starts with the premise that under 28 U.S.C. § 151 the Bankruptcy Court is a unit of the District Court, thus, Congress' intent was to return to the Bankruptcy Act of 1898 and accordingly the Bankruptcy Court's jurisdiction is derived through the District Courts. See 28 U.S.C. §§ 1334, 157 and 158. Judge Goldhaber then stated:

the upshot of this is that while Chapter 90 of Title 28 of the United States Code dealing inter alia with venue, removal and jury trials under the 1978 Act spoke of the "Bankruptcy Court". The substance of this chapter was repealed by the 1984 Act and replaced by Chapter 87 of Title 28 of the United States Code, which chapter speaks of the "District Court" rather than the "Bankruptcy Court". None the less, the reference to the District Court in Chapter 87 of the 1984 Act is deemed to denote the Bankruptcy Court when read in light of the referral provisions under 28 U.S.C. § 157. Thus, the replacement by the 1984 Act of the term Bankruptcy Court in 28 U.S.C. § 1478 of the 1978 Act with the expression "District Court" in 28 U.S.C. § 1452 effected no substantive change. Ergo, a civil action pending in the District Court may be removed to the Bankruptcy Court by the filing of a timely application for removal under 28 U.S.C. § 1452.

Bankruptcy Rule 9027 governs the procedure for removal. The timely filing of an application for removal with the Bankruptcy Court, plus the filing of a copy of the removal petition with the Clerk of Court from which the action is removed effects removal automatically, without the need for a Court order. Bankruptcy Rule 9027(d); cf., *Nedrano vs. Texas,* 580 F.2d 803 (5th Cir.1978).

Mr. Crowe has repeatedly argued to this Court that the application for removal was untimely as being filed more than 30 days after the original filing of the proceeding and also more than 30 days after the filing of the petition in bankruptcy, on April 2, 1986. The Court notes, however, under § 1446 the time period does not begin to run until receipt by the de-

fendant by service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on this defendant, whichever period is shorter. Thus, it is not the date of filing which is the bench mark to begin counting but rather the date of service of the summons upon the defendant. Recognizing that *Creasy* specifically held that in the bankruptcy context, so long as one of the defendants meets the 30 day requirements, the bankruptcy removal petition should be considered timely and the fact that Mr. Crowe apparently was never served in the first place, the Court concludes that the application for removal was timely filed. Additionally, we believe that this conclusion is strengthened by the analysis of Judge Goldhaber in *In Re: Philadelphia Gold Corporation.* Thus, we conclude that Bankruptcy Rule 9027(a)(2) continues to govern the procedure for removal in bankruptcy related matters and accordingly the request for removal was timely; however, we specifically note that we believe that the facts of this case indicate that the time period of 28 U.S.C. § 1446 was also met when read in light of the *Creasy* holding.

■ Next, we conclude that under the present bankruptcy laws and rules when read in light of *In Re: Philadelphia Gold Corporation* a petition for removal granting this court jurisdiction may be filed in this Court. We note that under § 1478, now repealed, the removal was to the Federal Bankruptcy Court rather than the Federal District Court. However, under the new Bankruptcy statute, these cases are removed to Federal District Court rather than the Bankruptcy Court. Removal actions fall under the general reference order which allows all bankruptcy proceedings to be referred automatically to the District Court. See 28 U.S.C. § 157(a). For example, under the Emergency Rule for the Administration of the Bankruptcy System, all matters pending before a Bankruptcy Judge were, under the local rules for the Western District of Louisiana, Rule 31(c),

automatically referred to the Bankruptcy Judge for the district concerning matters related to or arising under the bankruptcy statute. Order of the Honorable Tom Stagg, Chief Judge for the Western District of Louisiana, dated June 20, 1984.

True, the Court recognizes that the particular section of Bankruptcy Rule 9027 analyzed in *Creasy* mirrors the time period under 28 U.S.C. § 1446, in that both require that a party must remove within 30 days after receiving a State Court summons. The issue before the Court in the case at bar is section 9027(a)(2) which involves different time periods than those provided in § 1446. Nevertheless, this Court is persuaded by Judge Goldhaber's analysis and refuses to make the conclusion as apparently made in *Chart House* that Congress somehow or other overlooked the problem in § 9027 and that this Court should deem that § 9027(a)(2) has been overruled by the enactment of 28 U.S.C. § 1452. Nowhere in the legislative history is there that indication. *Chart House* states no authority, nor does *In Re: Helena Chemical Corporation,* 12 B.C.D. 966, 47 B.R. 72 (N.D.Mississippi 1985).

To sum up: for the reasons stated above, the Court believes that the remand was timely and properly filed; this Court has jurisdiction to decide this removal and remand request.

■ The hearing on the Motion to Remand was held on May 19, 1986. This opinion was originally to provide this Court's rationale in denying the Motion to Remand. Upon reconsideration of the case, the Court concludes that our decision on May 19, 1986 was incorrect. Accordingly, we remand this matter to the Fourth Judicial District, Monroe, Louisiana. The Court does this for three reasons all based upon equitable considerations as indicated by § 1452. First, our analysis of the State Court proceeding is that the liquidator is a provisional liquidator, appointed by minute entry, ex parte, *without a hearing.* Thus, Mr. Crowe has not had the opportunity, in State Court, to contest the validity of Mr. Cole's appointment. Second, at present, this case is in a Chapter 7 Liquidation and

all of the assets of the debtor are scheduled to be sold May 28, 1986, one week from today. That sale is ordered cancelled until the rights of the parties can be determined under state law. No liquidation of the assets of the debtor will be allowed. Finally, this Court believes that until the correct standing of Mr. Cole can be determined, the Supremacy Clause issues involved in the conversion from the Chapter 11 to a Chapter 7 cannot be properly determined. In concert with this opinion, the automatic stay of section 362 is lifted to allow the parties to proceed in State Court to determine the standing or validity of the provisional liquidator appointed March 13, 1986. State Court liquidation proceedings are and remain stayed under section 362. Additionally, the Court recognizes that by stipulation the automatic stay of 362 was to be lifted against the property on June 20, 1986, if the property was not sold by then under this Court's jurisdiction. Until status of the liqudator is settled in State Court, the automatic stay will remain in effect and is reimposed under § 105. See *In Re: Martin Exploration Company,* 731 F.2d 1210 (5th Cir.1984) (Clark C.J.).

IT IS SO ORDERED.