In the Matter of DAK
MANUFACTURING
CORP., Debtor.

DAK MANUFACTURING
CORP., Plaintiff,

v.

COORDINATED COMPONENTS
CORP., Defendant-Third
Party Plaintiff,

v.

ART MOLD & POLISHING CO., INC.
Third Party Defendant.

Bankruptcy No. 85–05888.
Adv. No. 86–0006.

United States Bankruptcy Court,
D. New Jersey.

May 26, 1987.

Okin, Pressler, Cohen & Hollander by Carolyn R. Kristal, Fort Lee, N.J., for plaintiff/debtor.

Kreiger, Karas, Kilstein & Kopf by Seymour M. Karas, Fair Lawn, N.J., for defendant/third party plaintiff.

Hehl, Romankow, Taub & Wilde, Union, by William Gicking, Woodbridge, for third party defendant.

OPINION

WILLIAM F. TUOHEY, Bankruptcy Judge.

The present matter comes before the Court upon Counsel for the Defendant/Third Party Plaintiff's motion to remove a certain state court action entitled, "Art Mold & Polishing Company, Inc., Plaintiff, -vs- Coordinated Components Corp., Robert Monacchio and Nick Santoro, Defendants" currently pending in the Superior Court of New Jersey, Law Division, Union County, Docket No. L 042296–86, and consolidating it with the captioned bankruptcy action pursuant to 28 U.S.C., Section 1452;[1] or in the alternative, to join Robert Monacchio and Nick Santoro as parties to the within bankruptcy action pursuant to Bankruptcy Rules 7019 and 7020.

Based upon the record in this case, the following shall constitute this Court's findings of fact and conclusions of law.

Essentially, the facts of this matter are not in dispute. As aforestated, this is a motion to remove a state court action and consolidate it with an action now pending in this Court, or in the alternative, ordering the joinder of the principals of the corporate defendant, as indispensable or necessary parties. The Plaintiff, Dak Manufacturing Corporation (hereinafter, "Dak") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on November 7, 1985. Subsequent thereto, Dak filed the within suit against Defendant, Coordinated Components Corporation (hereinafter, "Coordinated") on January 9,

1986 seeking to recover approximately $76,-000.00 representing an open book account for unpaid goods and services. In a recent response to a request of this Court, Counsel for the Plaintiff by letter dated April 10, 1987 advises that a schedule of invoices totalling $76,527.61 indicates that the invoices were dated between October 16, 1985 and December 11, 1985, thereby constituting both pre and postpetition receivables.[2]

Thereafter, with respect to the above action, Coordinated filed a counterclaim and third party action against Art Mold & Polishing Co. (hereinafter, "Art Mold") alleging that of the approximately $76,-000.00 claimed by Dak, $45,000.00 of this amount is claimed by Art Mold as being due it from Coordinated.

Coordinated's Counsel's affidavit dated October 15, 1986, in support of the within motion, sets forth the background of this action and the relationship of the parties as follows. The Defendant/Third Party Plaintiff/Coordinated, is in the business of selling display products. As Coordinated received orders from its customers, it contracted with Dak to manufacture the displays. Dak, the Debtor/Plaintiff, in turn, contracted with the Third Party Defendant, Art Mold, to produce the molds from which the displays were manufactured.

Two state court proceedings have been commenced. On October 25, 1985, prior to the bankruptcy, Art Mold instituted suit against the debtor in the Superior Court of

1. Defendant's motion dated October 15, 1986 seeks relief in the form of removal pursuant to "28 U.S.C. § 1478." 28 U.S.C. § 1478 (1982) however, has been re-enacted as new 28 U.S.C. § 1452 (renumbered as modified), as part of the 1984 Bankruptcy Amendments. The new section changes the references to the "bankruptcy court" into references to the "district court," and the new provisions of the Act place the district court in charge of all proceedings "related to" bankruptcy. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 992 f.n. 12 (3rd Cir.1984). A removal under § 1478, therefore, in a technical sense, lies to the district courts. *Id.* In this case, however, this Court will entertain Defendant's motion pursuant to an order of the District Court dated December 17, 1986, specifically transferring Defendant's motion to the Bankruptcy Court for consideration. Moreover, the above notwith-

standing, this Court has jurisdiction to decide this removal request pursuant to Bankruptcy Rule 9027 and the Standing Order of the District Court dated July 23, 1984 automatically referring all bankruptcy proceedings to the bankruptcy court. See *In re Eagle Bend Development*, 61 B.R. 451 (Bankr.W.D.La.1986). See also f.n. 9 of this opinion.

2. Initially, the Court must note that it has core proceeding jurisdiction over the captioned adversary proceeding as an action which includes postpetition receivables is a matter "arising in" the Bankruptcy Case and as such is a matter "concerning the administration of the estate" pursuant to 28 U.S.C. § 157(b)(2)(A). *1 Collier on Bankruptcy*, § 3.01(2)(b)(ii) (15th Ed.1986).

New Jersey, Law Division, Union County (Docket No. L–08346–85) to recover the sum of $45,000.00, representing an open book account for goods and services. A copy of the aforesaid complaint is annexed to Coordinated's Counsel's papers as exhibit "A". On March 24, 1986, after Dak had filed for bankruptcy, Art Mold filed a second state court action against Coordinated and Coordinated's principals, Robert Monacchio and Nick Santoro, also in the Superior Court of New Jersey, Law Division, Union County, (Docket No. L–042296–86), which action Coordinated now seeks to have removed to this Court and consolidated with the captioned proceeding. A copy of this second complaint is also annexed to Coordinated's Counsel's papers as exhibit "B". Allegedly, the basis of this second action, (that is, the state court action against Coordinated, Mr. Monacchio and Mr. Santoro), is that said parties agreed to pay Art Mold, Dak's unpaid debt of $45,-000.00.[3]

In support of its motion, Counsel for Coordinated argues that the claims set forth in the within action by Dak against Coordinated and those set forth by Art Mold against Coordinated (and its principals) in the state court action, (Docket No. 042296–86), arise out of the same series of transactions and involve common questions of law and fact.

Given the facts as aforestated, the issues which this Court must address are whether the state court action by Art Mold against Coordinated (and its principals) should be removed and consolidated with the within adversary proceeding in the Bankruptcy Court, and in the alternative, whether Mr. Monacchio and Mr. Santoro should be joined as parties to the same.

Upon careful review of the facts and the relevant case law, this Court concludes that the state court action entitled, "Art Mold & Polishing Co., Inc., Plaintiff, -vs- Coordinated Components Corporation, Robert Monacchio and Nick Santoro, Defendants" currently pending in the Superior Court of New Jersey, Law Division, Union County, Docket No. L–042296–86 is a proceeding "related to" the bankruptcy case herein, and as such is within the jurisdiction of this Court pursuant to 28 U.S.C. Section 1334(b) and 28 U.S.C. Section 157(c)(1). Accordingly, this Court will authorize the removal of same pursuant to 28 U.S.C. Section 1452 by the authority vested in it by the order of the District Court dated December 17, 1986, specifically transferring this motion for consideration by the Bankruptcy Court. In addition, notwithstanding the above, as aforestated, this Court believes it would have jurisdiction over the removal request pursuant to Bankruptcy Rule 9027 and the Standing Order of the District Court dated July 23, 1984 automatically referring all bankruptcy proceedings to this Court.[4] Further, consolidation for joint hearing and trial will be authorized pursuant to Bankruptcy Rule 7042 and Fed.R.Civ.P. 42 subject to submission at the conclusion of trial of proposed findings of fact and conclusions of law to the District Court for entry of a separate and final order thereon upon de novo review as mandated by 28 U.S.C. Section 157(c)(1).

28 U.S.C. Section 1452 provides in pertinent part:

> "(a) A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction over such claim or cause of action under § 1334 of this title."

Thus, under § 1452, a Bankruptcy Court must have jurisdiction over a claim that is removed to it. *In re Eagle Bend Development,* 61 B.R. 451, 454 (Bankr.W.D.La. 1986).

In the aftermath of *Northern Pipe Line Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), the jurisdiction of the Bankruptcy Court under the Bankruptcy Amendments and Federal Judgeship Act of 1984 is governed by the provisions of, 28 U.S.C. Section

---

**3.** See Counsel's motion, Exhibit B.

**4.** See f.n.'s 1 and 9 of this opinion.

1334[5] and 28 U.S.C. Section 157. Under the 1984 Amendments, Congress vested the district court with "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. Section 1334(a). The district court also has "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. Section 1334(b).[6] Further, 28 U.S.C. Section 157 provides that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred[7] to the bankruptcy judges for that district. Under Section 157(b)(1) the bankruptcy judge may hear and enter final orders on all "core proceedings" arising under title 11, or arising in a case under title 11 referred to the bankruptcy court under subsection (a) of Section 157. Under subsection 157(c)(1), a bankruptcy judge may hear a proceeding that is a non-core proceeding, "otherwise related to" a case under title 11, but absent consent of all parties, may only render findings of fact and conclusions of law to the district court for entry of final order thereon.

A line of cases, including a decision by the Court of Appeals of this Circuit, have recognized that an action against guarantors of a debtor's obligation is "related to" the bankruptcy case so as to confer jurisdiction for removal of same to this Court. *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir.1984); *In re Brentano's, Inc.*, 27 B.R. 90 (Bankr.S.D.N.Y.1983); *In re Johnie T. Patton, Inc.* 12 B.R. 470 (Bankr.D.Nev. 1981); *In re Lucasa International Ltd.*, 6 B.R. 717 (Bankr.S.D.N.Y.1980); *In re Brothers Coal Co.*, 6 B.R. 567 (Bankr.W.D. Va.1980), (all involving guarantors of debt-

or's obligations). As was recently quoted by the Bankruptcy Court in *In re Brentano's*, in articulating the test for determining whether a civil proceeding is related to bankruptcy:

> "[t]he fundamental question ... is whether the determination of the claims against the Non-Debtor will or will not effect the Debtor's assets and/or liabilities as they existed at the date of the petition and its bankruptcy schedules. The criteria to be adopted in such a situation will undoubtedly be related to a determination of whether the outcome of the proceeding could conceivably have *any effect upon the estate being administered in bankruptcy.* 27 B.R. at 91 (citing 1 *Collier on Bankruptcy*, Section 3.01 at 3–49 (15th Ed.1986))".

As was recognized and reiterated by the Third Circuit Court of Appeals, the proceeding need not necessarily be against the debtor or against the debtor's property. In *Pacor*, the Third Circuit held that an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. 743 F.2d at 994.[8]

■ This Court's examination of the Dak/Coordinated/Art Mold controversy leads it to conclude that the state court action between Art Mold and Coordinated would have an effect on the Dak bankruptcy estate, and therefore is "related to" the title 11 case within the meaning of 28 U.S.C. § 1452. In Art Mold's March 24,

---

5. 28 U.S.C. Section 1334 provides in pertinent part:
   "Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.
   (b) ... the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

6. The grants of jurisdiction under Sections 1334(a) and (b) are identical to their statutory predecessor 28 U.S.C. Section 1471(a) and (b). *1 Collier*, Section 3.01 (15th Ed.1986).

7. As noted herein, our district court has provided for automatic reference to the bankruptcy court pursuant to the Standing Order of the District Court for the District of New Jersey, dated July 23, 1984.

8. The court also recognized that the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not necessarily bring the matter within the jurisdiction of the Bankruptcy Court. *Id.*

1986 complaint, it alleges that in February, 1985, defendant Robert Monacchio met several times with Mr. Michael Della Pia, Vice-President of Art Mold & Polishing Co., Inc., and expressly promised plaintiff, Art Mold, and Dak Manufacturing Corporation that the defendants in that action would assume responsibility for all payment obligations of Dak Manufacturing Corporation. The complaint further alleges that the Defendant's guaranteed payment to Art Mold and Dak on all outstanding bills due from Dak as well as any charges that might be incurred in their future. In return for such promise and guarantee, Art Mold alleges that it promised not to stop production for Dak and to continue with the work it was doing on the Molds it provided. Further, in Coordinated's Third Party Complaint against Art Mold, it avers that should it be determined that it is liable to Dak, and should such liability include the $45,000.00 claimed by Art Mold, Coordinated would be entitled to a credit against Art Mold and a determination that it is not liable to Art Mold for that amount. In its Counterclaim, Coordinated avers that if it is found liable to Art Mold for any portion of Art Mold's suit against it, Coordinated would be entitled to a setoff against Dak for that amount.

The Court notes the absence in the pleadings of reference to a specific written indemnification agreement or guarantee executed by Coordinated. Nevertheless, the court in *Pacor* specifically stated that even in the absence of an explicit indemnification agreement, an action by a creditor against a guarantor of a debtor's obligations will necessarily affect that creditor's status, vis-a-vis, other creditors, and that the administration of the estate therefore depends upon the outcome of that litigation.

*Pacor*, 743 F.2d at 995. Moreover, where the guarantors might possibly be exposed to inconsistent judgments, the equities weigh in favor of removal. See generally, *Pine Associates*, 40 B.R. 683 (Bankr.D. Conn.1984).

. ■ This Court concurs with that line of cases holding that a proceeding against a debtor's guarantor is "related to" the debtor's title 11 case within the meaning of 28 U.S.C. § 1334 and 28 U.S.C. § 157(c)(1). Therefore, the proceeding herein is removable under 28 U.S.C. § 1452 and this Court will so order in accordance with the authority specifically transferred to it by the order of the District Court dated December 11, 1986.[9]

Having concluded that this Court has jurisdiction to order the subject state court action removed to the Bankruptcy Court, the Court will now turn its attention to the second aspect of Counsel for Coordinated's request, that is, the request that the matter be consolidated for trial with the matter herein. In effect, Counsel requests that this Court order consolidation of the captioned adversary proceeding (over which it has stated that it has core jurisdiction[10]) with a non-core, "related" proceeding. In this regard, Bankruptcy Rule 7042 makes applicable Fed.R.Civ.P. 42 in adversary proceedings. Rule 42 of the Federal Rules of Civil Procedure, "*Consolidation; Separate Trials*", provides in relevant part:

"(a) *Consolidation.* When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated;

**9.** In *In Re Eagle Bend Development*, 61 B.R. at 452, the court concluded that under the 1984 Amendments to the Bankruptcy Code, cases may be removed only to the District Court (citing 28 U.S.C. § 1452(a). The Court went on to hold however, that since there was a local rule automatically referring a motion on application to the Bankruptcy Court consistent with 28 U.S.C. § 157, 28 U.S.C. § 1452(a) controls, and a party to remove a claim or cause of action may file the application to remove in Bankruptcy Court *or* the District Court. The Local Rule then refers the action to the Bankruptcy Court. *Id.* Consequently, it was found that Bankruptcy

Rule 9027 continued to govern the procedure for removal in bankruptcy matters, notwithstanding the 1984 Amendments to the Bankruptcy Code. *Id* at 458. Thus, this Court believes that absent the December 17, 1986 order in this case, the Court would have an independent basis for jurisdiction pursuant to Bankruptcy Rule 9027 and the Standing Order of the District Court dated July 23, 1984. See also f.n. 1 of this opinion.

**10.** See f.n. 2 of this opinion.

and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

■ Fed.R.Civ.P. 42 allows the court to make such orders for a joint hearing or trial or consolidation as may tend to avoid unnecessary costs or delay, 2 J. Moore, A. Vestal, P. Kurland, *Moore's Federal Practice and Procedure*, § 20.01 at 20–2 (6th Ed.1986); the power given the court is discretionary and the exercise of such power may be reviewed on appeal from a final judgment or order but will not be disturbed except for abuse of discretion. *Id.* As Moore notes, "to assure a sound basis in line with provisions of other rules, a common question of law or fact was chosen as the test. Thus, actions involving a common question of law or fact, pending before the same court may be consolidated." *Id.* at 20–3.

■ In this case, as in most cases where consolidation is sought, the actions are of "like nature" in that both the captioned proceeding and the state court action sought to be removed involve collection of accounts receivable in the three part process of production of molds and manufacture and sale of displays. Moreover, the fact that additional issues may be involved in either action, should not operate to defeat a consolidation under Fed.R.Civ.P. 42. *Id* at 20–4.

■ The above notwithstanding however, the Court is mindful of the inherent limitation placed upon it under 28 U.S.C. § 157(c)(1). While the Court may enter a dispositive order with respect to the captioned adversary proceeding, it may not do so with respect to the "related" action, in which it is limited to submitting proposed findings of fact and conclusions of law to the district judge. 28 U.S.C. § 157(b)(1); 28 U.S.C. § 157(c)(1).

In addressing the above concern, the Court finds authority under Fed.R.Civ.P. 42 to order consolidation for joint hearing and trial. As mandated by 28 U.S.C. § 157(c)(1) however, the Court will issue separate findings of fact and conclusions of law as to the "related matter" at the conclusion of trial to the District Court for entry of final order thereon upon denovo review. Quoting from *Moore*, the Rule as interpreted,

"is worded as it is to reflect the prior practice to merge the hearing or trial of separate actions *so far* as *is necessary for their expeditious handling, ... But, merger is never so complete even in consolidation as to deprive any party of any substantive rights which he may have possessed had the actions proceeded separately. The actions retain their identity, and the parties and pleadings in one action do not automatically become parties and pleadings in the other action."* *Moore supra*, at 20–6 (Emphasis added).

In sum, the Court finds the above resolution to be the most expedient given the circumstances of this case. Moreover, it allows the parties to both actions to retain their separate rights and identities.

Accordingly, the Court finds first, that it has jurisdiction over the state court action as a "related" proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. 157(c)(1). The Court will therefore grant Coordinated's Counsel's request for removal pursuant to 28 U.S.C. § 1452 by the authority specifically transferred to it by order of the District Court dated December 17, 1986. Second, the Court will further authorize consolidation of the captioned adversary proceeding with the within proceeding once removed pursuant to Bankruptcy Rule 7042 and Fed.R.Civ.P. 42. Third, as mandated by 28 U.S.C. § 157(c)(1) however, proposed findings of fact and conclusions of law as respects the state court action will be submitted to the District Court for entry of final order upon de novo review.

Given the fact that Counsel for Coordinated has requested relief in the alternative, it will not be necessary to address Coordinated's request for joinder of necessary parties pursuant to Bankruptcy Rules 7019 and 7020.