**In re Stanley L. ADKINS, Victoria L. Adkins, Debtors.**

**Stanley L. ADKINS, Victoria L. Adkins, Plaintiffs,**

v.

**STATE OF OREGON DEPARTMENT OF WORKERS COMPENSATION and Workers Compensation Board, Defendants.**

**Bankruptcy No. 386–05690–S11. Adv. No. 88–0246–S.**

United States Bankruptcy Court, D. Oregon.

Nov. 23, 1988.

Steven Scroggin, Beaverton, Or., for plaintiffs.

Mary Lou Calvin, Asst. Atty. Gen., Salem, Or., for the State of Or.

MEMORANDUM IN SUPPORT OF ORDER GRANTING SUMMARY JUDGMENT TO DEFENDANT, DISMISSING ADVERSARY PROCEEDING

DONAL D. SULLIVAN, Bankruptcy Judge.

Plaintiffs filed a complaint seeking an injunction, attorneys' fees and actual and punitive damages for violation of the automatic stay of 11 U.S.C. § 362(a)(1) arising from the State's post-chapter 11 commence-ment of a workers' compensation proceeding without first seeking modification of the statutory stay. Both parties filed motions for summary judgment. The motion of the State of Oregon for summary judgment should be granted and the complaint dismissed.

■ The issuance after chapter 11 of a proposed final order by the State declaring the debtors to be a non-complying employer was the commencement of a State administrative proceeding which is authorized under the police power provision of 11 U.S.C. § 362(b)(4), except to the extent that the order served a pecuniary purpose of the State rather than public health and safety. *In re Poule,* 91 B.R. 83 (9th Cir. BAP 1988); *In re Thomassen,* 15 B.R. 907 (9th Cir. BAP 1981); *In re Charter First Mortgage, Inc.,* 42 B.R. 380 (Bankr.D.Or.1984). The order violated the stay if the State intended to go beyond processing the worker's claim by using it to bind the debtors by default to a determination that ultimately would result in an obligation to reimburse the State.

The State did not violate the automatic stay of 11 U.S.C. § 362(a)(1) if the order is to be used to compel post-filing compliance with laws governing employers so long as its regulatory authority is not used to recover a pre-petition debt in violation of *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). *See, In re Geffken,* 43 B.R. 697 (Bankr.N.D.Ohio 1984) which interpreted *In re Mansfield Tire & Rubber Co.,* 660 F.2d 1108 (6th Cir.1981) upon which the State relies. Clearly, chapter 11 debtors who are carrying on business must comply with applicable state law under 28 U.S.C. § 959(b) and the State may compel compliance under the police power exemption from the automatic stay.

In the present case, the State disclaimed any intention to bind the chapter 11 debtors by default to an administrative determination which could be used over the debtors' objection for the following purposes: to liquidate a claim against the estate under 11 U.S.C. § 502(b), for a determination of tax liability and dischargeability under *In re Beaman,* 9 B.R. 539 (Bankr.D.Or.1980),

and 11 U.S.C. §§ 505 or 523(a), to preclude a later determination of the debtors' rights against third parties under 11 U.S.C. § 541(a), or to seek a state court judgment against the debtors based upon such a determination. Unless relief were first obtained, the State would use such a determination solely to process the worker's claim for payment. This disclaimer of the State effectively neutralized any pecuniary interest purpose of the State and kept its activities within the confines of the police power exception to the statutory stay.

■ To the extent the proposed administrative order might be regarded as an implied threat to violate the automatic stay, the State did not act willfully under 11 U.S.C. § 362(h). There is no evidence that the general notice to the State actually filtered down to the agency prior to the proposed order or that the agency otherwise intended to use the order to coerce the debtors into waiving their rights under 11 U.S.C. § 362(a). In addition, the debtors contributed to the problem by asking for an administrative hearing instead of immediately notifying the agency of the identity of the insurance company and the filing of the chapter 11.

A separate order should enter granting summary judgment and dismissing the complaint on the merits.