**In re WILLCOX & GIBBS, INC., et al., Debtors.**

**Michael B. Joseph, in his capacity as Chapter 7 Trustee for the Estates of Willcox & Gibbs, Inc., et al., Plaintiff,**

v.

**Cutting/Sewing Room Equipment Company, Inc., Defendant/Third–Party Plaintiff,**

v.

**Juki Union Special, Inc., Third–Party Defendant.**

**Bankruptcy No. 01–10061 PJW. Adversary No. 03–55129 PJW.**

United States Bankruptcy Court, D. Delaware.

Sept. 24, 2004.

Charlene D. Davis, Ashley B. Stitzer, The Bayard Firm, Wilmington, DE, for Juki Union Special, Inc.

Sherry Ruggiero Fallon, Tybout, Redfearn & Pell, Wilmington, DE, Lawrence S. Burnat, Nathan M. Wheat, Schreeder, Wheeler & Flint, LLP, Atlanta, GA, for Cutting/Sewing Room Equipment Company, Inc.

## MEMORANDUM OPINION

PETER J. WALSH, Bankruptcy Judge.

This ruling is with respect to third-party defendant Juki Union Special, Inc.'s

("Juki") motion (Doc. # 18) requesting that the Court dismiss the amended third-party complaint filed by third-party plaintiff Cutting/Sewing Room Equipment Company, Inc. ("Cutting"). Juki asserts that this Court lacks subject matter jurisdiction. For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

According to Cutting, in early 2001, Juki, a manufacturer of textile equipment, established a relationship with Cutting in an effort to sell its equipment to Sunbrand, Inc. ("Debtor"). According to Juki, Cutting purchased certain equipment from Juki and then sold the equipment to Debtor. In March 2001, Juki gave Cutting two letters that together stated Juki would repurchase the equipment up to an amount of $389,076.70 via a credit memo should Debtor fail to pay its invoice within ninety days. Debtor took delivery of the equipment and within ninety days from sale, Debtor made payments to Cutting totaling $404,204.17.

On August 6, 2001, Debtor and its related entities (collectively, the "Debtors") each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").[1] The cases have been administratively consolidated.

On April 9, 2002, the Court entered an order converting these cases to cases under chapter 7 of the Bankruptcy Code, and Michael B. Joseph was appointed the Trustee of the Debtors' estates (the "Trustee").

Thereafter, the Trustee commenced an adversary proceeding against Cutting seeking to avoid and recover the $404,204.17 in payments pursuant to §§ 547 and 550. In addition to filing an answer, Cutting filed the third-party complaint against Juki. Later, Cutting amended its third-party complaint. In response, Juki filed this motion to dismiss the action on the basis of Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Juki argues that this Court lacks subject matter jurisdiction because Cutting's action for indemnification and attorneys' fees is neither a core proceeding nor a non-core proceeding related to the bankruptcy. In the alternative, Juki argues that, should the Court find that subject matter jurisdiction exists, the Court should abstain from hearing the third-party proceeding pursuant to 28 U.S.C. § 1334(c). In response, Cutting argues that the Court has subject matter jurisdiction because the dispute is a core proceeding or, in the alternative, that it is "related to" the chapter 7 case because the outcome of the third-party proceeding could impact the Debtors' recovery.

## DISCUSSION

Although the Court agrees with Juki's contention that the third-party proceeding is not a core proceeding as contemplated by 28 U.S.C. § 157(b)(1),[2] I find that the Court has jurisdiction over the matter because it is "related to" the chapter cases as contemplated by 28 U.S.C. § 157(c)(1).[3]

---

1. Individual sections of the Bankruptcy Code will be cited herein as "§ ___".

2. 28 U.S.C. § 157(b)(1) provides:

   Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter ap-

propriate orders and judgments, subject to review under section 158 of this title.

3. 28 U.S.C. § 157(c)(1) provides:

   A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and

Moreover, the circumstances of this proceeding do not meet the mandatory requirements for abstention under 28 U.S.C. § 1334(c)(2),[4] nor would abstention be otherwise appropriate under 28 U.S.C. § 1334(c)(1).[5] As discussed below, allowing the third-party action to proceed here will avoid a duplication of efforts in different forums and provide for more immediate and surer disposition of the related matters.

A motion to dismiss for lack of subject matter jurisdiction is governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7012. In discussing the standard to be used in assessing a Rule 12(b)(1) motion, the Third Circuit has stated:

> A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. In reviewing a factual attack, the court may consider evidence outside the pleadings.

*Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir.2000) (citations and footnote omitted).

■ The Third Circuit has "held that a proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Torkelsen v. Maggio (In re Guild and Gallery Plus, Inc.)*, 72 F.3d 1171, 1178 (3d Cir.1996) (quoting *In re Marcus Hook Dev. Park Inc.*, 943 F.2d 261, 267 (3d Cir.1991)). Although Cutting argues that this is a core proceeding because it alleges Juki was the proper transferee of the alleged preferential payments, there are no facts currently before the Court to support that position. Further, the pleadings show no other basis of how the third-party action asserts a title 11 substantive right or could only arise in the context of a bankruptcy case.

■ However, contrary to Juki's assertions, I find that the third-party action is "related to" the Debtors' bankruptcy cases in general and to the subject preference complaint in particular. "A proceeding is related to bankruptcy if *'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'*" *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 264 (3d Cir.1991) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984) (emphasis in original)); *In re Donington, Karcher, Salmond, Ronan & Rainone, P.A.*, 194 B.R. 750, 757 (D.N.J.1996). In elaborating

conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.

**4.** 28 U.S.C. § 1334(c)(2) provides:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

**5.** 28 U.S.C. § 1334(c)(1) provides:

Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

on this standard, the Third Circuit has stated:

> A key word in [this test] is conceivable. Certainty, or even likelihood, is not a requirement. Bankruptcy jurisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action or the handling and administration of the bankrupt estate.

*Halper v. Halper*, 164 F.3d 830, 837 (3d Cir.1999) (quoting *In re Guild and Gallery Plus, Inc.*, 72 F.3d 1171, 1181 (3d Cir. 1996)).

█ Juki puts much emphasis on *Adams v. Prudential Sec., Inc. (In re Found. for New Era Philanthropy)*, 201 B.R. 382 (Bankr.E.D.Pa.1996) for the proposition that "indemnity or contribution claims made by those who are sued by representatives of the bankruptcy estate against third parties generally fall outside the scope of bankruptcy court jurisdiction." (Doc. # 19 at ¶ 28.) This is too sweeping a proposition and the *New Era Philanthropy* decision actually supports the position I take on this matter.

Other courts have held that third-party guaranty actions are related to the underlying bankruptcy cases. *See, e.g., Halper*, 164 F.3d at 838; *Burns v. First Citizens Bank & Trust Co. (In re Rainbow Sec. Inc.)*, 173 B.R. 508, 511 (Bankr.M.D.N.C. 1994); *Dak Mfg. Corp. v. Coordinated Components Corp. (In re Dak Mfg. Corp.)*, 73 B.R. 917, 921 (Bankr.D.N.J.1987). In *Halper*, the Third Circuit held that certain guaranty claims were related to the estate because they would give the creditor an alternative source of recovery. *Halper*, 164 F.3d at 838.

While the *New Era Philanthropy* court found lack of jurisdiction on the facts before it, it is important to note that the court specifically focused on whether the third-party plaintiff in the case was able to satisfy any judgment that may ultimately be levied against it. The court observed that "[the third-party plaintiff] conceded that it raises no issue about its financial ability to satisfy any judgment which may be rendered against it in favor of the chapter 7 trustee." *New Era Philanthropy*, 201 B.R. at 387. Later in the opinion, the court again noted that "[the third-party plaintiff] concedes that if the trustee prevails, he will be able to recover any judgment entered from [the third-party plaintiff]." *Id.* at 391. Thus, the court concluded:

> [The third-party plaintiff]'s success or failure as third-party plaintiff *will not enhance the funds in the bankruptcy estate available for distribution* by the chapter 7 trustee. Any recovery under these third-party claims would inure solely to [the third-party plaintiff]'s benefit."

*Id.* at 391 (emphasis added).

In the matter before me, there is real concern about whether the Debtors will be paid in full if the third-party proceeding is dismissed. Cutting has provided evidence showing that it would be unable to satisfy the full amount of a judgment if the Trustee succeeds in its preference claim. Unlike *New Era Philanthropy*, here we have a question regarding Cutting's financial ability to fully satisfy a judgment. If Juki were dismissed from the case and the Trustee prevailed against Cutting, the Debtor could be left with a deficiency in satisfying the judgment against Cutting. Forcing Cutting to then commence an action in a different forum to be able to fully satisfy the judgment could entail a waste of its and the Debtors' resources. I find that the third-party proceeding is related to the Debtors' estates because it conceivably will lead to a surer and faster recovery by the Trustee and result in an enhancement in assets

available for distribution. Therefore, I find that the Court has subject matter jurisdiction under the "related to" jurisdiction of section 157(c)(1).

For the same reasons that I find the third-party proceeding to be related to the Debtors' bankruptcy cases, I find it inappropriate to abstain from hearing the matter. Keeping both the preference action and the third-party proceeding in this Court will likely expedite and enhance full satisfaction of any judgment that the Trustee may obtain. For this reason, the Court finds that it is in the best interest of the Debtors' estate to keep the third-party proceeding in this Court.

## ORDER

For the reasons set forth in the Court's Memorandum Opinion of this date, the third-party defendant Juki Union Special, Inc.'s motion (Doc. # 18) to dismiss the amended third-party complaint filed by third-party plaintiff Cutting/Sewing Room Equipment Company, Inc. is DENIED.